ARGUED AND DETERMINED

IN THE

# SUPREME. COURT OF ALABAMA. .

CASES DETERMINED AT THE TERM OF THE FIRST MONDAY
IN JULY, 1828, AT TUSCALOOSA.

PRESENT AT THIS TERM,
**CHIEF JUSTICE LIPSCOMB,**
JUDGES SAFFOLD, CRENSHAW, GAYLE, TAYLOR, WHITE AND PERRY.

## MARTIN, Administrator v. WHITE.

1. In covenant against an administrator, he may under a general plea to the merits, give any special matter in evidence.
2. The statute in this respect extends to actions of covenant, though not within its letter.

THIS was a writ of error from the Circuit Court of Franklin county. The action was covenant, brought by R. White against P. Martin, administrator of J. Heslip, to recover damages for failing to return five negroes, which had been hired by White to the intestate Heslip and others, and which they had covenanted, among other things, to return at the end of the year. The defendant pleaded the plea of covenants performed, to which there was a replication and issue, and at April term, 1826, there was a verdict and judgement for the plaintiff for $1116 32 damages.

A bill of exceptions taken at the trial by the defendant shews, that the negroes were proved by the plaintiff to have been retained by the obligors about twelve months after the time for returning them. On cross examination of the witness, he gave evidence going to establish the

JULY, 1828.

Martin
v.
White.

fact of a subsequent agieement between the parties that they should continue a longer time in the service of the obligors. On this evidence the counsel for the defendant requested the Court to charge the jury, that if they believed the slaves continued in the possession of the obligors after the expiration of the hiring by the covenant, under a new contract, they should find for the defendant. The Court determined the evidence of a new contract as a defence, was not admissible under the issue joined, but that it should have been specially pleaded, and so charged the jury. This decision was the error relied on by Martin the appellant, in this Court.

a 1 Chitty's Pl.
482  Laws Ala.
330.

W. B. MARTIN, for the plaintiff in error. [a]

MARSHALL, for the defendant.

## By CHIEF JUSTICE LIPSCOMB.

THE question mainly depends on the construction of our act of Assembly, passed no doubt for the special benefit of administrators and executors. By this act it is provided that they shall not be required to plead specially, but that they may give any special matter in evidence under the general issue. The plea of covenants performed it is true, is not the general issue, nor will the action strictly speaking, admit of the general issue; *non est factum*, not disposing of the merits of the case more than covenants performed; and on this ground it is contended that the testimony was properly rejected. But in answer to this objection, it seems to us that it may well be said, that administrators and executors when acting for the benefit of the trust reposed, are favored, and may invoke a liberal construction of the statute. It would be singular to suppose that the Legislature intended to extend this privilege of giving special matter in defence in evidence under the general issue, to every other action, and confine them to rigid pleading in covenant broken; it is much more liberal and rational, to suppose that they intended that in this action, special matter might be given in evidence under any plea that put in issue the merits of the case. We are therefore of the opinion that the Circuit Court erred in rejecting the testimony offered by the defendant below.

The judgement must be reversed and the cause remanded.

JUDGES TAYLOR and WHITE not sitting.