## THE ADM'RS. OF MARDIS v. SMITH.

1. The plea of the statute of non-claim, must be pleaded specially. The facts which, under that plea may be given in evidence, cannot be available to an executor or administrator, under the general issue.

Error to Shelby Circuit Court.

THIS was an action of assumpsit by the defendant in error against the plaintiffs in error. The declaration contains the common counts for money lent—money had and received, and an account stated, to which the defendant pleaded—

1. Non-assumpsit—on which issue was joined.

2. And for further plea defendant comes, and says, *actio non*, &c.; because they say they did not assume and undertake; nor did Samuel W. Mardis, their intestate, assume and undertake, as the said plaintiff hath thereof in his declaration complained, within six years next before the commencement of this action ; and of this they put themselves upon the country.

3. And for further plea, said defendants say *actio non;* because they say the said plaintiff failed to exhibit his said supposed claim, in his declaration mentioned, to the said defendants as administrators of Samuel W. Mardis, dec'd, within eighteen months after the said defendant had obtained letters of administration upon said estate; nor within eighteen months after publication by said defendants, as required by law, for the exhibition of claims against the estate of their said intestate. Wherefore they pray, that said claim may be forever barred.

4. And for further plea, said defendants say *actio non;* because they say they have well and truly paid said amount of said notes in plaintiff's declaration mentioned; and this they are ready to verify. Wherefore, &c.

5. And for further plea, said defendants say *actio non;* because they say, said Samuel W. Mardis, before his death, well and truly accounted for and paid over all moneys by him col-

lected on the notes specified in said declaration; and this they are ready to verify. Wherefore, &c.

The four last pleas were demurred to, and the demurrer sustained to all, except the second, which was overruled; and thereupon, the plaintiff took issue upon it. The defendant asked leave to plead over the third, fourth and fifth pleas; which the Court refused; and to which refusal, the defendant excepted,

Upon the trial of the issues, the jury found for the plaintiff, and the Court rendered judgment in his favor.

Pending the trial, a bill of exceptions was taken, by which it appears, that the defendant, after the demurrers were sustained to his pleas, asked permission of the Court to plead again the same subject matter; which the Court refused. The defendant further offered by proof to show, that the claim of the plaintiff was barred by the statute of non-claim; and that the same was not presented to them, or either of them, within eighteen months after the grant of letters of administration; which the Court refused, on the ground that the statute of non-claim should be specially pleaded; to which exclusion of the evidence, the defendant excepted. The assignments of error are—

1. The Court erred in sustaining the demurrers to the third, fourth and fifth pleas.

2. The declaration is insufficient.

3. The Court erred in not permitting the defendant to plead over.

4. The Court erred in not permitting the evidence of the failure to present the note within eighteen months, under the general issue.

Chilton, for plaintiff in error, cited Aik. Dig. 184; 1 Stewart 473.

ORMOND, J.—No objection is taken in the argument, submitted by the plaintiff's counsel, to the declaration; and on looking into it, we do not perceive any objection to it.

The pleas which were demurred to, are not only destitute of form, but are substantially defective. They do not, either of them, present any fact in such a manner, that issue could be

taken on them. This, indeed, is not controverted; but is ascribed to the loose manner of pleading common in the country. There is no agreement in the record, on the part of the plaintiffs, to waive any right; but, on the contrary, from his interposing a demurrer, we must intend he designed to insist on all his rights; and, according to law, the pleas cannot be supported.

The refusal of the Court to permit the defendant to plead over, is matter resting in the sound discretion of the Court, and cannot be revised here.

The offer to prove, under the general issue, the failure on the part of the plaintiff, to present his claim to the administrators within eighteen months after the grant of letters of administration, and advertisement according to law, is a question of some novelty.

The act under which this permission was claimed, is to the following effect; "Executors, administrators and guardians shall not be required to plead specially to any action or suit at law, brought against them in their said capacity; but may, under the general issue, give any special matter in evidence." [Aik. Dig. 184.]

The object of this law was, doubtless, to give greater facilities to those who were, by law, required to defend suits in *auter droit*, and whom the law presumes not to be so conversant with the facts, as the original actor in the transaction; and therefore, more liable to be mistaken in the attempt to present them in the form of a plea. Thus, in the case cited from 1 Stewart 473, the action was covenant; and the Court permitted the administrator to give in evidence a new contract, under the plea of covenants performed, as there was no general issue, properly speaking, in that action. By the aid of this statute, an executor cannot well be surprised by the introduction of evidence of which he had no knowledge before, or knew imperfectly; but, under the general issue, may shape his defence according to the exigency of the case.

But this reasoning can have no application to facts peculiarly within his knowledge; as must be the case, when the defence is a failure of presentation of the claim to him within eighteen months after making advertisement. But that is not

all; when the plea of non-claim is interposed, if the plaintiff does not reply some matter specially in avoidance, the affirmative lies with him; as the defendant cannot be called on to prove a negative, as was held by this Court in the case of Evans vs. Norris, Stodder & Co. 1 Ala. Rep. N. S. 511. To give the defendant, therefore, the benefit of the plea of non-claim, under the general issue, would, in effect, be requiring the plaintiff to prove presentation of his claim, as a part of his case. We think it quite clear, that the design of the statute, was not to authorize this class of defendants to demand additional proof of the plaintiffs, beyond, or out of, the issue tendered; but merely permit them to give matter in evidence under the general issue, which, according to the rules of pleading, those defending suits in their own right, would be required to plead specially.

It follows, therefore, that the Court did not err in the refusal to permit the evidence to be given, under the general issue; and its judgment is therefore affirmed.