## HENRY ET AL. *vs.* PORTER PRO AMI.

| 46 | 293 |
| 113 | 377 |

[BILL IN EQUITY TO DECLARE FUNDS PLACED IN HANDS OF GRATUITOUS BAILEE BY HUSBAND THE SEPARATE ESTATE OF THE WIFE AND TO COMPEL PAYMENT TO WIFE, &C.]

1. *Bank bills, gratuitous bailee of; what acts do not make liable for depreciation of, &c.*—Where the gratuitous bailee of a naked deposit of bank bills deposited them with a person of due credit, who made a general deposit of them with a bank of good credit, and when called on to return them delivered the proper sum in bills of the same bank, but not the identical ones received by him, equity will not hold him responsible for the depreciation of the bills on account of the failure of the bank which issued them.

2. *Gratuitous bailee; degree of care required of.*—Of such a bailee is required only that degree of care which every person of common sense, though very absent and inattentive, applies to his own affairs.

APPEAL from Chancery Court of Butler.

Tried before Hon. ADAM C. FELDER.

B. F. Porter having sold a piece of land to Patterson, upon which Abrams claimed a lien, and Patterson refusing to pay the purchase-money on that account, one thousand dollars of it in bills of the Northern Bank of Alabama was, by agreement of the parties, deposited with the appellant, Henry, to await the issue of Abrams' claim.

The bill was filed in 1861 by the complainant, who was the wife of B. F. Porter, to have this money declared her separate estate, and to enjoin Henry from paying it to any other person; and the proper parties were made defendants thereto. In 1863 an order was made requiring the depositary to pay the funds into the court, but no further action was taken in this particular until 1866, when another order to the same effect was made. In obedience to a citation issued upon this last order, which seems to have been the first service of any process upon him, Henry paid into the court the amount required in the bills specified. The complainant then amended her bill by charging that the

bills returned were not the identical ones delivered, and that they were then greatly depreciated in value.

The defendant deposited the bills received by him with A. G. Henry, who made a general deposit of them with other persons. He was a gratuitous bailee, and did not use the funds himself, or mix them with other funds so as to destroy their identity, unless the act of A. G. Henry should be imputed to him. He testified for himself that it was part of his agreement with B. F. Porter that he should be at liberty to redeposit it with A. G. Henry. Porter denied this in an affidavit, but such an *ex parte* statement can not be regarded as evidence to charge Henry. Samuel and A. G. Henry were mercantile partners at the time. The chancellor found from the proofs that the special deposit of one thousand dollars with Samuel Henry was the money and part of the separate estate of complainant, and was of par value when deposited with Henry, and that the money returned into court by Henry was greatly depreciated and not the identical money deposited with him, and decreed accordingly that complainant recover of defendant, Henry, the sum of $1250, it being the amount deposited and interest from December 30th, 1866, the date of the interlocutory order requiring him to pay over and deposit to the register, &c., and all the costs not adjudged against the other defendants, and upon satisfaction of the decree to have leave to withdraw the deposit made by him with the register. Henry appeals (the appeal being in the name of all,) and assigns the decree of the chancellor as error.

HERBERT & BUELL, for appellant.
THOS. J. JUDGE and J. A. MINNIS, *contra*.

(No briefs came into Reporter's hands.)

B. F. SAFFOLD, J., (after stating facts as above.) In a naked deposit or simple bailment for the benefit of the bailor alone, but slight care is required of the bailee, and he is responsible only for . gross

negligence. Slight care is that degree of care which every person of common sense, though very absent and inattentive, applies to his own affairs.—1 Parsons on Contracts, pp. 570–71. If a mere depository mix money deposited with his own funds with the intention of restoring an equivalent, and so destroy the identity and individuality of the subject matter of the bailment, this would be a user of the money which would at once alter the nature and character of the bailment, converting it into a loan for use and consumption. In a bailment by way of *mutuum* the chattel bailed becomes the absolute property of the bailee to do what he pleases with it.—Ad. on Cont., pp. 527–43.

It is plain that to convert a simple bailment of money into a loan, an intention of user should concur with the act of the bailee, which, indeed, is shown when the act itself excludes a contrary supposition. Story says, if a trustee should mix the trust funds with his own in a common account with his banker, he would be deemed to have treated the whole as his own, and he would be liable for any loss sustained by the banker's insolvency. But if he should deposit the money with a banker in good credit, to remit it to the proper place by a bill drawn by a person in due credit, and the banker or drawer of the bill should become bankrupt, he would not be responsible. The true rule in cases of this sort is, that where a trustee acts by other hands, either from necessity or conformably to the common usage of mankind, he is not to be made answerable for losses.—2 Story's Eq. Jur. §§ 1269-70.

A bailment is treated in equity as a trust, but the reason seems to be to enable the beneficiary to recover the fund which, in law, he might not be able to do on account of want of privity in the contract.—2 Story's Eq. Jur. § 1041. It may be deduced, then, in view of the degree of care required of a gratuitous bailee, that if he should deposit the funds received with a person in due credit, and without any intention of restoring an equivalent, he should not be held responsible for their depreciation on account of the failure of the bank which issued them. Henry would have done his whole duty by returning the identical bills.

The damage sustained by the complainant is not in consequence of his action. Equity, with its expansive powers of justice, will not apply to such a case the rule governing trustees charged with grave responsibilities.

The decree against the defendant Henry is reversed, and the cause remanded. In other respects it is confirmed.

NOTE BY REPORTER.—At a subsequent day of the term appellee, by J. A. Minnis, Esq., applied for a rehearing, contending that the proof of a conversion or "user" of the money by Samuel Henry was fully made out. As the argument in support of the hearing is based solely upon questions of fact, it is unnecessary in the view which the court took of the facts to refer further to it. The petition was responded to as follows :

SAFFOLD, J.—The only evidence touching the deposit made with Samuel Henry is that contained in the depositions of Samuel and A. G. Henry, and the writing of B. F. Porter set out in Samuel Henry's testimony. The writing does not indicate any greater liability of the depositary than he admits. He was not to be responsible for its application. When it was settled between Porter and Abrams what should be done with the money, Henry was to surrender it to the one entitled to receive it. We perceive no contradiction in the testimony respecting which of the Henrys received the money. Samuel was to keep it, and it mattered not whether he received it in person or by another. He mentions a circumstance which the complainant might have refuted or corroborated. A receipt was given for this money. Samuel says it was given by A. G. in his name, to whom the money was delivered by Porter. In the absence of that receipt it might have been difficult for the complainant to have established the fact of a deposit, but for the testimony of the defendant and A. G. Henry. The tenor of that testimony is certainly not in favor of the right of the complainant to recover as for a user.

A rehearing is denied.