[Flowers *et al.* v. Steiner *et al.*]

# Flowers *et al.* v. Steiner *et al.*

### *Bill in Equity for Sale of Pledged Stock.*

1. *Transfer of stock in incorporated company by wife.*—Section 1805 of the Code is controlled by § 2346, and a married woman may convey her shares in an incorporated company by a written instrument, with the husband's consent expressed in writing, without having the writing attested or acknowledged.

2. *Expression of consideration in promise to answer for debt &c. of another.*—The expression *"for value received"* is a sufficient compliance with the provisions of Code, § 1732, Sub. 3.

APPEAL from Butler Chancery Court.

Heard before Hon. JERE N. WILLIAMS.

The facts of this case are sufficiently stated in the opinion.

J. C. RICHARDSON and C. E. HAMILTON, and LANE & CRENSHAW, for appellants.—Section 1805 of the Code of 1886 rendering inoperative conveyances by married women of their stock in incorporated companies unless the conveyance is attested by two witnesses, or acknowledged, is repealed by the act of February 28th 1887, now § 2346 of the Code.—Sutherland on Stat. Con. §§ 138, 154, 156, 161; *Jordan v. Smith*, 83 Ala. 301; *Rooney v. Michael*, 84 Ala. 589. The transfers of stock are not agreements to answer for the debt, default or miscarriage of another. But if they are, they sufficiently express their consideration.—23 N. Y. 495; *Masher v. Hatehkiss*, 2 Keys 589; *Douglas v. Howland*, 24 Wend. 35, 41 Barb. 9; 8 N. Y. 207; *Moses v. Lawrence Co.*, Bank 14 9 U. S. 302; *Neal v. Smith*, 5 Ala. 571; *Bolling v. Munchus*, 65 Ala. 566; 1 Brant. Suretyship, 84; 75 Am. Dec. 356; 3 Par. Con. 16; Browne Stat. Frauds, §. 408.

GAMBLE & POWELL, *contra*.

COLEMAN, J.—The complainants, as creditors of Joseph Steiner & Sons, Steiner Bros. & Co. and J. M. Steiner & Co., filed the present bill, praying that an account be taken of the amounts due them and in default

of payment, that certain shares of the capital stock of the Steiner Land & Lumber Company be sold, which the bill avers were assigned as security for the indebtedness, and the proceeds applied to the payment of the indebtedness ascertained to be due. The bill shows that a certificate for one hundred and fifty-one shares of one hundred dollars each was issued to J. M. Steiner, trustee for Mrs. Estelle Otts, and a like certificate for Mrs. M. C. McGhee and that Estelle Otts and M. C. McGhee were married women, These certificates were severally endorsed as follows :

''For value received——hereby sell, assign and transfer———shares of the within mentioned, and do hereby constitute and appoint———————attorney to transfer the same on the books of the company.

Witness——hand and seal this——day of ————————, 187—.'' The endorsements were signed by the trustee and by the husband and wife, and attested by one witness.

The court sustained a demurrer to the bill, and the complainants appealed.

One of the principal questions raised by the demurrer is whether section 1805 of the Code of 1886 controls the assignment, or whether section 2346 of the Code prevails. Section 1805 reads as follows : ''Conveyances by married women of real property, or any interest therein, stocks in incorporated companies, or shares in manufacturing associations, are inoperative, unless attested by two witnesses, or acknowledged in the mode and before the officer hereinbefore specified for taking acknowledgment of conveyances.'' Section 2246 reads as follows : ''The wife has full legal capacity to contract in writing as if she were sole, with the assent or concurrence of the husband expressed in writing.'' Section 1805 constituted section 2161 of the Code of 1876 and was carried into the Code of 1886 without alteration.

By act of February 28th, 1887, it was provided that ''No act passed at the present session of the general assembly shall be repealed or affected in any manner by the adoption of this Code ; but all acts amending sections of the Code of 1876, which sections have been incorporated in this Code, shall be printed in the place of and as such sections.'' Section 2346 *supra* was codified from the married woman's law adopted February 28th,

1887. We have not the case here, where separate acts are adopted at the same session of the legislature, that the two shall be construed together and when it can be done one shall be regarded as engrafting upon or providing an exception to the other, but it is expressly provided that "No act passed at the present session of the general assembly shall be repealed or affected in any manner by the adoption of this Code." It cannot be said that a married woman can contract in writing with the assent or concurrence of her husband expressed in writing as a *feme sole*, if section 1805 continues in force. We are of opinion that the act of February, 1887, must control. That this is the proper rule of construction becomes more apparent when we consider section 2348 of the Code in regard to conveyances of real estate by married women with section 1805 *supra*. This is the view taken in the case of *Knox v. Childress*, 86 Ala. 183, where a similar principle arose.

The next question raised by the demurrer, is that the assignment is void under the statute of frauds, section 1732 of Code of 1886, subdiv. 3, in that Mrs. McGhee did not owe the debt to secure which the assignments were made, and that the assignment does not sufficiently express the consideration. This ground of demurrer is not supported by the assignment endorsed on the certificate. It expresses that *for value received*, the certificate is sold, assigned and transferred. Under the authorities this is a sufficient compliance with the statute of frauds. The authorities are collected in 8th Amer. & Eng. Ency. of Law, p. 725.—*Bolling v. Munchus*, 65 Ala. 558.

Whether there was in fact any consideration for the assignment may be raised by proper pleading to the bill. We will not consider the question at this time. The argument that the assignment was void because of the unfilled blanks is without merit. *Prima facie* the sale, transfer or assignment was sufficient to carry both the legal and equitable title and interest in the shares of stock, and this is sufficient on demurrer.

Reversed and remanded.