# Lindsay *v.* McRae.

*Action upon a Contract.*

1. *Statute of frauds; agreement to pay debt of another; when void for failure to express consideration.*—Where, by a contract in writing, promisors agree to pay to a creditor a certain amount, as sureties for a debtor, and it is expressly agreed and understood that in case the said debtor shall make any payments on a certain note executed on the same day and given to the creditor in satisfaction of a certain mortgage executed by said debtor, then the promisors will not be held responsible for any amount except such as may be due on the note so executed by the debtor, such contract is "a promise to answer for the debt, default or miscarriage of another," within the influence of the statute of frauds (Code of 1886, § 1732, subdiv. 3; Code of 1896, § 2152, subdiv. 3); and no consideration for the agreement of the promisors being expressed in the writing itself, such contract is void.

2. *Same; same; parol evidence not admissible to show consideration.* Where an action is brought on a written contract, wherein the defendants agreed to pay to the plaintiffs a certain amount as sureties for plaintiffs' debtor, and it was expressly understood and agreed that in case said debtor should make any payment on the note executed by him and given to the plaintiffs in satisfaction of a certain mortgage executed by said debtor, then the defendants, promisors in said contract, should not be held responsible for any amount under the contract, except such amount as may be due on the note so executed by the debtor, parol evidence is not admissible to show that the consideration of the contract executed by the defendants was a surrender and discharge of the mortgage against the debtor.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. A. T. BORDERS, Special Judge.

This was an action brought by the appellees, W. and F. McRae, against the appellants, L. T. Lindsay and J. D. Lindsay, to recover damages for the alleged breach of a written agreement. The facts of the case and the rulings upon the evidence are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court instructed the jury, among other things, as follows: "I charge you that said contract in writing imports a suf-

[Lindsay v. McRae.]

ficient consideration on its face." To the giving of this charge the defendants separately excepted.

There were verdict and judgment for the plaintiffs. The defendants appeal and assign as error the rulings of the court upon the evidence, and the giving of the charge excepted to.

LEE & LEE, for appellants.—1. The contract sued on in this case was void, because it was an agreement to answer for a debt of another, and expressed no consideration moving to the makers thereof.—*Foster v. Napier,* 74 Ala. 393 ; *Ware v. Morgan,* 67 Ala. 461 ; *Thornton v. Guice,* 73 Ala. 321 ; *Underwood v. Lovelace,* 61 Ala. 155 ; *Watson v. Reynolds,* 54 Ala. 191.

2. The court below erred in permitting the evidence to go to the jury, that the contract was given for a mortgage which was to be given up to D. A. Barlar on the execution and delivery of said contract by L. T. and J. D. Lindsay, because the note given by Barlar to W. and F. McRae, and the contract made by the Lindsays to W. and F. McRae expressed all the terms of the contract, and a previous or contemporaneous verbal agreement concerning such contract could not be proven. *Cargile v. Ragan,* 65 Ala. 287 ; *Marant v. Marston,* 67 Ala. 453 ; *Mobile Life Ins. Co. v. Pruett,* 74 Ala. 487.

A. A. McDONALD, *contra.*

COLEMAN, J.—The appellees brought suit to recover damages for the breach of the following written agreement: "Louisville, Ala., Nov. 14th, 1890. On or before the first day of November, 1891, we promise to pay to W. & F. McRae, or order, the sum of two hundred dollars, as sureties for D. A. Barlar ; but it is expressly agreed and understood that in case the said D. A. Barlar shall make any payments on a certain note by him this day executed for the said sum of two hundred dollars, payable one day after date to the said W. & F. McRae, said note being given in satisfaction of certain mortgage executed by D. A. Barlar, then the undersigned shall not be held responsible for any amount under this instrument except such amount as may be due on the note so executed this day by the said D. A. Barlar, and to further secure whatever amount may be due

on said note given by D. A. Barlar, we hereby jointly and severally waive all exemptions, and agree to pay a reasonable attorney's fee in the event the services of an attorney are necessary.

"Witness          (Signed)          "L. T. LINDSAY."
"A. A. McDONALD.                   "J. D. LINDSAY."

The defendant contended, and that is the only defense insisted upon here, that the agreement was "a promise to answer for the debt, default or miscarriage of another," that it does not express a consideration in writing, and therefore is void under the statute of frauds.—Code of 1886, § 1732, subdiv. 3, (Code of 1896, § 2152, subdiv. 3). The evidence showed that plaintiffs held a claim against D. A. Barlar, secured by mortgage on personal property and which on the 14th of November, 1890, had matured; that on that day Barlar executed his promissory note to them for two hundred dollars, which was introduced in evidence, and defendants executed the contract sued on, the consideration of said note of Barlar and said contract of defendants being that plaintiffs would surrender and discharge the mortgage against Barlar; that the mortgage was surrendered and discharged, and that Barlar has paid no part of the debt evidenced by his note and referred to in defendant's agreement. The parol evidence offered by plaintiff to show the consideration of the agreement executed by defendants was objected to, and an exception reserved to the overruling of the objection. The debt of Barlar secured by the mortgage was not paid by the new note executed by him, or the contract of suretyship of defendants. The debt continued. We are of opinion that the obligation of defendants was an agreement to answer for the debt, default or miscarriage of another within the statute of frauds.—*Thornton v. Guice*, 73 Ala. 321; *Underwood v. Lovelace*, 61 Ala. 155. The surrender of the mortgage was a sufficient consideration to support the contract of defendants; and the question is whether such consideration is sufficiently expressed in the agreement itself to relieve it from the operation of the statute of frauds.

The agreement on its face shows that Barlar executed his note to plaintiffs in discharge of a mortgage the plaintiffs had against him, and it shows on its face that defendants on the same day obligated themselves to pay

only so much of said note of Barlar as he failed to pay. These provisions are clearly stated in the agreement. Would the law conclude from these facts that the mortgage debt was satisfied in consideration of the defendants' agreement? It says that the note of Barlar "was given in satisfaction of the mortgage," and it further states that defendants agreed to pay Barlar's note if he did not pay it, but the agreement excludes the idea that the mortgage debt was surrendered and discharged in consideration of the agreement of the defendants. Certainly a consideration is not expressed in the agreement. It does not appear that the defendants were to derive any benefit from the surrender or discharge of the mortgage against Barlar.—8 Am. & Eng. Encyc. Law, 681; *Westmoreland v. Porter*, 75 Ala. 452, 459. This can only be shown by parol evidence. The court admitted parol evidence to establish that such was the consideration, and having established by parol the consideration, in effect held, that the obligation was binding on the defendants. It is not permissible to take a contract without the influence of the statute of frauds by proving by parol evidence a valuable consideration, which the statute itself declares must be expressed in writing. That would defeat the purpose of the statute. The contract in this case and the evidence come strictly within the principle applied to the contract in the case of *Foster v. Napier*, 74 Ala. 393; and a careful reading of the case of *Westmoreland v. Porter*, 75 Ala. 452, 459, will show that case to be in harmony.

Reversed and remanded.