# Booth v. Dexter Steam Fire Engine Co.

*Action on a Promissory Note.*

1. *Pleading; error without injury in sustaining demurrer to plea.* Error in sustaining a demurrer to a special plea is error without injury, and not a ground of reversal, when the record shows that the defendant had the full benefit of the defense attempted to be presented under his other pleas.

2. *Corporations; liability of treasurer for funds deposited in bank.* Where the treasurer of a corporation, acting without compensation and who is a mere gratuitous bailee, deposited in his name as such treasurer for safe keeping funds in a bank, which was considered solvent by himself and other prudent men, he is not liable to the corporation for a loss of such funds, occassioned by the subsequent failure of said bank.

3. *Same; same; when note given to cover supposed liability is founded upon valuable consideration.*—Where the treasurer of a corporation, who acted in such capacity without compensa-

24

[Booth v. Dexter Steam Fire Engine Co.]

tion, deposited for safe keeping corporate funds, in his name as such treasurer, in a bank considered solvent by himself and other prudent men, and after the loss to the corporation of such funds, occasioned by the subsequent failure of the bank, the treasurer executes to the corporation a note, payable three years from date, in consideration of the corporation releasing him and the sureties on his bond as treasurer and the bank from all claims for the loss of such funds, such note is founded on a sufficient consideration, and is a valid, personal obligation of such treasurer.

4. *Promissory note; when sufficient consideration shown on its face.*—Where a note recites that it was given for "value received," there is a sufficient expression of consideration on its face to take the note without the influence of the statute of frauds.

5. *Same; when consideration can be proved by parol evidence.*— When a note recites that it was given for "value received," it is permissible to show by parol evidence what was the real consideration of said note.

6. *Same; action by a corporation; when minutes of meeting admissible in evidence.*—In an action brought by a corporation on a promissory note, given by one of its stockholders, who had served as treasurer, in the settlement of a claim against him for the loss of corporate funds, the minutes of the meeting of the plaintiff corporation, at which the defendant was present and when action was taken regarding the giving of the note sued on, are admissible in evidence for the purpose of showing what was done at said meeting, in reference to the giving of the note by the defendant, and its acceptance by the plaintiff in settlement of its claim against him.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This action was brought by the appellee, the Dexter Steam Fire Engine Company, No. 1, of the city of Montgomery, a corporation, against J. C. Booth and A. R. Booth; and counted upon a promissory note or bond, which was in words and figures as follows: "Montgomery, Ala., January, 1894. On the 1st day of January, 1897, we promise to pay to the order of Dexter Fire Co. No. 1, the sum of six hundred and thirty-three and 35-100 dollars. Value received. Negotiable and payable at the First National Bank; and we do hereby waive all claim for the exemption of real or personal property," &c. It was also recited in the note, that the

makers agreed to pay a reasonable attorney's fee for the collection of this note. The note was signed by J. C. Booth and "Mrs. A. R. Booth." Mrs. A. R. Booth filed a plea averring that at the time of the execution of the note she was a married woman and the wife of J. C. Booth; that she executed said note as surety for her husband, the said J. C. Booth. The defendant, J. C. Booth, filed nine pleas; the first being the general issue and the others being special pleas. Demurrers were sustained to all of the special pleas except the sixth and seventh; but under the opinion on this appeal, it is deemed unnecessary to set out in detail these pleas or the demurrers thereto. The sixth and seventh pleas were as follows: "6. That the note sued upon and set forth in the complaint was a special promise to answer for the debt of another person, to-wit, J. B. Trimble & Co., and that in said note the consideration thereof is not expressed in writing."

"7. That on or about the 15th day of January, 1893, he was elected treasurer of the plaintiff corporation, and qualified as such by giving bond to faithfully perform the duties of such office; that he did not receive and was not to receive any compensation for services rendered as such treasurer; and that, as such treasurer, he received money belonging to the plaintiff, which moneys he deposited with J. B. Trimble & Co., a partnership doing a banking business in the city of Montgomery, Alabama, to his credit, as such treasurer, for safe keeping; that said J. B. Trimble & Co. at the time of the deposit, were engaged in the banking business, and were considered at said time by the defendant and by prudent men as solvent, and their bank was considered a safe place for the deposit of moneys, and was so considered by the defendant and prudent men continuously up to the time of their failure, as hereinafter set forth; that after the deposit, as aforesaid, the said J. B. Trimble & Co. failed in business, making a general assignment, leaving very small assets for their creditors; that moneys which defendant received, as such treasurer, were to his credit, as such treasurer in said bank at the time of the failure; and that the defendant has not received anything whatever from the said J. B.

Trimble & Co., or their assignee; that subsequent to said failure, this defendant executed the note sued upon in this cause, the only consideration therefor being the loss of the money in the bank of the said J. B. Trimble & Co. as stated above; and he avers that said note sued upon was made upon the condition set forth above and no other; and that it was made without any good or valuable consideration."

To the sixth plea the plaintiff demurred upon the following grounds: "1. Said plea fails to aver any facts showing that the debt sued on was the debt of J. B. Trimble & Co. 2. Said plea fails to aver any facts showing that the note sued on was a collateral, and not an original, undertaking. 3. Said plea is an attempt to plead the statute of frauds without setting out the averments necessary to sustain such plea. 4. The complaint shows that the note sued on was an original undertaking, and not a contract within the statute of frauds. 5. Said plea fails to aver that the day of payment of the alleged liability of Trimble & Co. was not postponed by the execution and acceptance of the note sued on."

To the seventh plea the plaintiff demurred upon the following, among other, grounds: 1. Said plea shows on its face that there was a valuable consideration for the note sued on in this, that it shows by the execution and acceptance of said note, the defendant became the equitable assignee of the claim against J. B. Trimble & Co., for the amounts it alleges were deposited with them by the defendant. 2. Said plea fails to aver that the money for which the note sued on is alleged to have been executed was deposited in the bank of J. B. Trimble & Co., with the knowledge and consent of the plaintiff. 3. Said plea shows on its face that the note sued on was executed and accepted in compromise and settlement of a disputed claim. 4. Said plea shows that by the execution and acceptance of the note sued on there was a suspension or forbearance of plaintiff's right of action against the defendant or the said J. B. Trimble & Co. 5. Said plea shows by the execution and acceptance of the note sued on the original debt for which said note was given was extinguished or the time of payment postponed. These demurrers

were overruled. Thereupon the plaintiff filed the following replications to the seventh plea: "1. Comes the plaintiff and, for reply to the 7th plea in this cause heretofore filed by the defendant, J. C. Booth, says that when the said defendant was elected treasurer of plaintiff he entered into a bond with ———— and ———— as sureties for the faithful performance of his duties, which said bond was valid and of full force and effect at the time of the alleged failure of J. B. Trimble & Co., that plaintiff demanded of said defendant and the said sureties on his said bond the money of plaintiff which had been in his possession as its treasurer, and said defendant agreed with plaintiff in consideration of the surrender and cancellation of said bond and the release of his said sureties from liability thereon to execute his notes to plaintiff, including the note here sued on, and plaintiff surrendered said bond and released said sureties from further claim and demand of plaintiff thereunder, and defendant then and there executed said notes, including the note sued on, and plaintiff says that by reason of the surrender of said bond and the release of said sureties there was a valid and valuable consideration for the execution of said note of the defendant.

"2. Comes the plaintiff and further replying to said 7th plea says that after the alleged failure of J. B. Trimble & Co. and the alleged loss of the money of plaintiff thereby, and after the execution and delivery of the note sued on, the defendant, J. C. Booth collected from said firm, or the assignee thereof, the sum of, to-wit, $100 as his own money, and made use thereof, said sum being the amount of a dividend declared by said firm, or its assignees, on the money deposited by said defendant as treasurer.

"3. Comes the plaintiff and for further reply to said 7th plea says that, at the time of the execution and delivery of the note sued on, it was understood and agreed that said note was given in full settlement and satisfaction of all claims or demands of plaintiff against the said J. C. Booth, J. B. Trimble & Co. and any and all persons whatsoever for or on account of the money of plaintiff which had been in the hands of said Booth as treasurer, and which is alleged to have been deposited in the bank of the said J. B. Trimble & Co., and plain-

tiff says that in pursuance of said agreement plaintiff accepted said note in full satisfaction of all said demand, and abandoned and surrendered all said claims and demands, and plaintiff avers that, therefore, there was a valid consideration for said note.

"4. For further answer to said 7th plea, plaintiff says that the note sued on was given and accepted in settlement and compromise of the claim of the plaintiff against the defendant and J. B. Trimble & Co."

To the 1st, 3d and 4th replications, the defendant separately demurred upon the following, among other, grounds: 1. Said replications show that the only consideration for the note sued upon was the surrender and cancellation of the bond referred to therein, upon which neither defendant nor his sureties were liable. 2. Said replications show that the only consideration for said note was the alleged release of defendant and his sureties upon said bond, which said release was no consideration for the giving of said note. 3. Said replications do not show any liability to plaintiff by the said J. C. Booth, or his sureties upon said bond. 4. It is not shown in and by said replications that the debt or that the claim of the plaintiff against J. B. Trimble & Co. was ever transferred to defendant, J. C. Booth. 5. It is not shown in and by said replications that the consideration for the giving of said note was the assignment by plaintiff to defendant of the debt against J. B. Trimble & Co. And it is alleged in said replications that said note was given in full satisfaction of all demands, and that the plaintiff abandoned and surrendered the said claims and demands, and they fail to show what said claims and demands were or to whom abandoned or surrendered. These demurrers were overruled, and the defendant duly excepted. The defendant's demurrers to the second replication were sustained, and it is unnecessary to set them out. The bill of exceptions recites that "by consent of counsel a jury was waived, and the case submitted to the decision of the presiding judge. By agreement of counsel, it was conceded that the complaint was proven, and the pleas that had been held good by the court were proven, and issue was joined upon the replications." The only rulings upon the evidence, to which exceptions were re-

[Booth v. Dexter Steam Fire Engine Co.]

served, and which are presented for review on the present appeal, are set forth in the opinion.

The court rendered judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GRAHAM & STEINER, for appellant.—Appellant, as the treasurer of appellee, deposited all moneys received by him in his official capacity in the bank of J. B. Trimble & Co., to his credit as treasurer of appellee, which, in his opinion, and the opinion of other prudent persons, was at the time of making said deposit and up to the time of the failure thereof, a safe place to make such deposits. It was undoubtedly the duty of appellant to properly care for said funds; and as he attempted to do this, in the manner usually resorted to by prudent persons, he did all the law required of him. Such being the case he cannot be held responsible for loss sustained by reason of the unforeseen failure of the depository. A trustee, such as appellant was, who receives money is not absolutely responsible therefor; he is only responsible for good faith and reasonable diligence.—*People v. Faulkner,* 107 N. Y. 477; *Ditmar v. Boyle,* 53 Ala. 169; *Lehman, Durr & Co. v. Robertson,* 84 Ala. 489; *State v. Houston,* 78 Ala. 576; *Cumberland v. Pennell,* 69 Me. 357; *Fahnestock's Appeal,* 104 Pa. St. 46; Perry on Trusts, §443; *Estate of William Law,* 14 L. R. A. 103, and notes.

Appellant having used the care and diligence required of him under the law, believing, under a mistaken idea, that he was responsible for money lost by him by reason of the failure of the bank, gave his note to his principal for the amount of the deposit. Such a consideration will not support a contract predicated thereon. The assumption of a supposed liability which, in truth, has no foundation, is not a sufficient consideration for a valid promise—a promise upon which an action can be maintained.—*Maull v. Vaughn,* 45 Ala. 134; *Morris v. Norton,* 75 Fed. Rep. 912.

When J. B. Trimble & Co., the bank with which appellant deposited, in his name as treasurer, the funds of appellee, failed, the amount of the deposit was a debt

due by the bank to appellee. From this it necessarily follows, that if Booth, appellant, gave his promise to pay the debt of J. B. Trimble & Co. to appellee, such a promise is *nudum pactum*—without consideration—and will not, in the absence of a new consideration, support an action.—*Watson v. Reynolds*, 54 Ala. 191. ''Promise, verbal or written, to pay the debt of another, if not founded on a precedent liability, or a new consideration, will not support an action."—*Underwood v. Lovelace*, 61 Ala. 155; *Ware, Murphy & Co. v. Morgan*, 67 Ala. 461; *Beall & Co. v. Ridgeway*, 18 Ala. 117. "A mere moral obligation can never be a sufficient consideration for a note."—Tiedeman on Commercial Paper, §162; Bishop on Contracts, §231; 1 Daniel on Negotiable Instruments, §182.

LOMAX & LIGON, *contra.*—By the execution and acceptance of the note sued on, there was a suspension or forbearance of plaintiff's right of action against J. C. Booth or Trimble & Co.; and, therefore, there was a sufficient consideration for the notes sued on.—*McKeen v. Harwood*, 15 Ala. 798; *Hixon v. Hetherington*, 57 Ala. 165; *Doss v. Peterson*, 82 Ala. 255; *Thornton v. Guice*, 73 Ala. 321; *Read v. Rowan*, 107 Ala. 366.

A benefit to the promissor or detriment to the promisee, however small, is a sufficient consideration to support a promise.—*Holt v. Robinson*, 21 Ala. 107.

Where the consideration is the settlement of a doubtful claim, it is sufficient consideration to sustain a promise.—*Russell v. Cook*, 3 Hill (N. Y.) 504. Any damage, suspension or forbearance of a right, any benefit to the party promising or prejudice, detriment or trouble to the party to whom the promise is made has been generally esteemed a sufficient consideration. *McKeen & Bro. v. Harwood*, 15 Ala. 798. Again, it is not the adequacy of the consideration which determines the validity of a promise, but it is the doing of something by the party to whom the promise is made, and it is a familiar principle that such act, however trifling, constitutes a sufficient consideration.—*Erwin & Williams v. Erwin*, 25 Ala. 241.

HARALSON, J.—1. If there was error in sustaining

the demurrers to defendant's pleas, except the 6th and 7th, it was error without injury, since the defendant had the full benefit, under the 6th and 7th pleas, demurrers to which were overruled, of the defense attempted to be presented by the other pleas, demurrers to which were sustained.—*Pelican Ins. Co. v. Smith*, 92 Ala. 428; *Owings v. Binford*, 80 Ala. 421.

2. It was admitted on the trial, that the complaint and the pleas,—6 and 7,—were fully proved. The case was tried by consent, by the presiding judge, without a jury, with finding and judgment against defendant, on joinder of issue on replications 1, 3 and 4 to plea 7, to which replications, demurrers were overruled.

3. The plaintiff had a claim either against the defendant, J. C. Booth, its treasurer, or against J. B. Trimble & Co., the bankers with whom he deposited the money. If the facts set up in the 7th plea are true, and constitute a good defense for defendant, it is upon the ground, that he deposited said funds in the bank, not as his own money, but as the money of the plaintiff, with such distinguishing ear-marks, as that all who touched them would be charged with notice of the trust, and the *cestui que trust*,—the plaintiff,—could trace and assert its right to them. A deposit by defendant in his representative capacity, as gratuitous bailee for the plaintiff, under the facts set out in said plea, released him from personal liability for the safe keeping of the deposit, and rendered the bank liable on its failure to plaintiff.—*Ditmar v. Bogle*, 53 Ala. 169; *Lehman v. Robertson*, 84 Ala. 489, 491; *Henry v. Porter*, 46 Ala. 293; Story on Bailments, (8th ed.), §11.

4. The defendant seeks refuge from liability on the note, on the well recognized principle, that if a claim is without legal merit, and is clearly and absolutely unsustainable, at law or in equity, its compromise and promise to pay it, whether its legal validity was known or not at the time, constitutes no sufficient legal consideration for a release or agreed compromise.—*Thompson v. Hudgins*, 86 Ala. 93; *Russell v. Wright*, 98 Ala. 654; *Ernst v. Hollis*, 86 Ala. 513; *Prince v. Prince*, 67 Ala. 565; *Prater v. Miller*, 25 Ala. 320.

So far as the claim against defendant Booth is concerned, it is admitted by the replication, that, without

more than is set up in said 7th plea, there could be no recovery on the note sued on; but the 3d and 4th replications set up, (the 3d) that at the time of the execution and delivery of the note, it was understood and agreed, that said note was given in full settlement and satisfaction of all claims or demands of plaintiff against the said J. C. Booth, J. B. Trimble & Co., and any and all persons whomsoever, for or on account of the money of plaintiff, which had been in the hands of said Booth as treasurer, and which was alleged to have been deposited in the bank of J. B. Trimble & Co., and that in the pursuance of said agreement, plaintiff accepted said note in full satisfaction of all demands, and abandoned and surrendered all said claims and demands; and (the 4th), that the note sued on was given and accepted in settlement and compromise of the claim of the plaintiff against the defendant and J. B. Trimble & Co. These replications were demurred to, and the demurrers were properly overruled, certainly as to the 3d and 4th. It is well settled, that a promise, verbal or written, to pay the debt of another, if not founded on a present liability, or a new consideration, will not support an action, and when the promise is simply to pay the debt of another, it is not binding, without being in writing based on a consideration expressed in writing; and in cases where the debt is extinguished, or the day of payment postponed, either expressly or by implication, the contract is a new substitutionary one and binding.—*Read v. Rowan*, 107 Ala. 366, and authorities there cited. Again, it is held, that any benefit resulting to the party promising, or detriment to the party to whom the promise is made, is sufficient, however slight, or insignificant it may seem to be in point of fact; for the adequacy of the consideration for the contract, rests in the judgment of the parties; and in legal contemplation, if it is of any value, the contract will be enforced, in the absence of fraud or duress in its procurement. *Bolling v. Muncus*, 65 Ala. 558.

5. As we have said, the plaintiff had a claim for this money, either on the defendant, or on Trimble & Co.—against the defendant, if he deposited the money on his own account, or against Trimble & Co., if he deposited it, in his representative capacity, as set out in the 7th

plea. If, therefore, the defendant, in entering into the agreement for the settlement, procured the release of Trimble & Co.,—as well as that, however wrongfully asserted, against himself and his sureties,—from plaintiff's claim, and the debt or obligation was extended from January, 1894, to January, 1897, as appears by the note it was, there is an element of detriment to the plaintiff, which constitutes a sufficient consideration to uphold the note. The note recited that it was given for "value received," which itself was sufficient, on its face, to place it without the influence of the statute of frauds. *Flowers v. Steiner*, 108 Ala. 440.

6. The plaintiff introduced as a witness, one Browder, who, after testifying that he was the secretary of the plaintiff corporation, and that the note sued on was executed by defendant, was asked by plaintiff's counsel: "What was the agreement between plaintiff and defendant as to the giving of said notes?"—the one sued on, and the others given, which had been previously paid by defendant. The defendant objected to said question, upon the ground, that the same was illegal and irrelevant, and called for illegal testimony, which objection was properly overruled. It is always permissible, where a note, as here, does not express on its face for what it was given, to show the real consideration, (*Reader v. Helms*, 57 Ala. 440); and it is well settled, "that the consideration of contracts in writing is in general open to inquiry, and it is not an infringement of the rule excluding parol evidence to add to, vary, or contradict writings, to receive parol evidence of the actual consideration, for the purpose of determining its validity, or its failure, or that from any cause it is sufficient or insufficient to support the contract." *Ramsey v. Young*, 69 Ala. 157; *Davis v. Snider*, 70 Ala. 315; 1 Greenl. Ev., §185; 1 Parsons on Notes & Bills, 194.

The witness testified that it was agreed by the plaintiff, that it would release defendant and his sureties on his bond as treasurer, and all claims upon this fund against all other persons upon the giving of the notes, and that, to the best of his recollection, upon the giving of the notes, the bond was surrendered.

7. The witness was asked, if he had the minutes of the

[Turrentine *et al.* v. Grigsby.]

plaintiff corporation, where action was taken, regarding the giving of said notes, and replying that he had, plaintiff's counsel asked him to read the minutes, and offered them in evidence, first proving that the defendant was present at said meeting, and was a member of the corporation. The defendant objected to the reading of the minutes and their introduction, for that they were illegal and irrelevant. The court did not err in overruling the objection. The minutes of the meeting when proved were competent evidence of what was done at the meeting.—1 Greenl. Ev., §493. The minutes recited, that on January 17th, 1894, there was a meeting of the plaintiff corporation, and that a motion was made to accept the notes sued upon and to deliver bond up to Booth.

The plaintiff introduced two other witnesses, who also testified, as the bill of exceptions states, in substance, to the same effect, as the first witness.

The defendant introduced J. C. Booth, the defendant, as a witness, "who testified in substance, that he was the treasurer of the defendant corporation, and that the money was on deposit to his credit as treasurer of said corporation, with J. B. Trimble & Co., bankers, and that the only consideration of the giving of said notes was the agreement of the company to release him and his securities from said bond as treasurer." This was all the evidence.

The court rendered judgment in favor of the plaintiff, and in this there was no error. Without reference, specially, to replication 1, those marked 3 and 4, on which issue was joined, were proved by the great preponderance of the evidence, entitling plaintiff to judgment.

Affirmed.

*Action on a Promissory Note.*

