# Dillworth *v.* Holmes Furn. & Vehicle Co.

### Assumpsit.

(Decided November 28, 1916.   73 South. 288.)

1. **Appeal and Error; Review; Theory Below.**—Although no special plea appears of record, and the record contains nothing more than the general issue, yet where it appears from the whole record that the parties tried the cause as if issue were joined upon a special plea, the appellate court will review the case as tried by the parties.

2. **Same; Harmless Error; Pleading.**—Where the question of consideration was the subject of a great part of the testimony, and defendant had the full benefit of the matter set up in his special plea as to the guaranty in issue and its consideration, the striking of such plea was harmless error.

3. **Contracts; Consideration.**—A promise, either verbal or written, to pay the debt of another, if not founded on a precedent liability or new consideration, will not support an action.

4. **Frauds; Statute of; Consideration.**—The statute declares that the consideration must be expressed in writing, and it is not permissible to take a contract out of the statute of fraud by proving by parol testimony a valuable consideration.

5. **Same; Guaranty.**—Where a guaranty was written on the back of a mortgage given to secure a note entitled "retention contracts for the purchase of furniture," guaranteeing the paying of the within note and mortgage, and was executed before the delivery of the note and mortgage, the words "value received" in the note were sufficient to take the guaranty out of the statute of frauds.

6. **Evidence; Parol; Note.**—Where the note does not express on its face for what it is given, it is permissible to show the real consideration by parol evidence.

7. **Bills and Notes; Extension; Consideration.**—The extension of the time of the payment of a debt was a sufficient consideration for a note given to secure the debt.

8. **Contracts; Consideration.**—That which creates some benefit to the party promising, or causes some trouble, injury, inconvenience, prejudice or

[Dillworth v. Holmes Furn. & Vehicle Co.]

detriment to the parties to whom the promise is made, is a consideration which will uphold the promise.

9. **Sales; Condition; Other Security.**—Where the purchaser of furniture under retention title contract made default therein, and gave the seller a note and mortgage on the property covered by the contract, which was guaranteed by defendant, and the mortgage provided that after maturity the seller might seize and sell the property at public auction, and after crediting the proceeds on the debt, there was a balance due, then the seller might, by separate and independent proceedings, seek the enforcement of the debt, and of the rights conferred by the mortgage, the doctrine of election and waiver did not apply.

10. **Charge of Court; Singling Out Evidence.**—A charge asserting that if the guarantee and signature of defendant were written over the registration certificate stamp on the mortgage, the verdict should be for defendant, was objectionable as giving undue prominence to particular parts of the evidence.

11. **Same; Argumentative.**—Charges that the jury can look to the evidence, or may look to certain facts, are not only argumentative, but single out and give undue prominence to parts of the testimony.

12. **Same; Covered by Those Given.**—It is not error to refuse instructions substantially covered by written instructions given.

13. **Guaranty; Conditional Sales; Instruction.**—Where the action was on the guaranty of a mortgage given to secure the performance by the mortgagor of certain contracts, a charge asserting that if plaintiff took the note and mortgage from the buyer, and the guarantee on the back of the mortgage was afterwards executed by defendant, they should find for defendant, was misleading and properly refused.

14. **Charge of Court; Pretermitting Issues.**—A charge asserting that if the guarantee on the back of the note and mortgage was signed on the same day that the note and mortgage were executed, then the verdict should be for defendant, was misleading because pretermitting the question as to whether the guarantee was executed before or after the principal contract was delivered.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by the Holmes Furniture & Vehicle Company against W. P. Dillworth and another. Judgment for plaintiff against defendant Dillworth, and he appeals. Affirmed.

The plaintiff sued W. P. Dillworth and D. C. Finney. Judgment for the plaintiff against W. P. Dillworth. who appeals. The complaint consists of the common counts for "account" and "account stated." and certain other counts declaring upon a special contract of guaranty, whereby the defendants guaranteed the payment of a note and mortgage executed by A. Y. Parker to plaintiff on February 22. 1911. The defendants pleaded:

(1) "They are not indebted to the plaintiff in the manner and form set forth in the complaint;" and (2) "they owe the

plaintiff nothing" and also several pleas of no consideration and the statute of frauds. Special plea No. 12 alleges that the consideration for the execution of the note and mortgage on which the contract of guaranty is indorsed, and which is the subject of the suit, was furniture sold by the plaintiff to Parker on October 31, 1910, and on December 12, 1910, for which Parker executed and delivered to the plaintiff two contracts, which described the furniture and stipulated that the title to the furniture should remain in the seller, and that the purchaser should make weekly payments of $5 in one contract and $3 in the other, until the entire purchase price was paid. These title retention contracts further provided that the purchaser should not remove the property from his present residence without the permission or knowledge of the plaintiff. The plea then alleged that the contracts had never been satisfied, canceled, or discharged, but were still held by the plaintiff; that the mortgage and note and the guaranty contract were executed to secure the two said contracts; that the guaranty contract was executed to secure the debt of A. Y. Parker, and does not express a consideration therefor, and was not executed contemporaneously with the creation of the liability for the furniture or the execution of either of said contracts. The thirteenth special plea set up that the consideration for the note and mortgage was certain personal property sold by the plaintiff to Parker on October 31, 1910, and December 12, 1910, and set out the contracts in full, as was done in the twelfth plea. The plea then alleged that prior to the bringing of the action, the plaintiff retook the property for which the contracts were executed and dispossessed Parker thereof and had never returned the same to Parker.

The court, on the motion of the plaintiff, struck pleas Nos. 12 and 13.

On the back of the note and mortgage—a single sheet of paper—is the following indorsement:

"We hereby guarantee the payment of the within note and mtg. when the same is due. W. P. Dillworth, D. C. Finney."

The mortgage was dated February 22, 1911, and described the furniture. The words "value received" appear in the face of the note. The other facts necessary to understand the opinion appear therein.

The court refused to give at the request of the defendant the following written charges:

[Dillworth v. Holmes Furn. & Vehicle Co.]

"B. If the jury are reasonably satisfied from the evidence that the guaranty contract and the signatures of Dillworth and Finney are written on top of or over the registration certificate stamped on the mortgage then your verdict should be for the defendant Dillworth."

"C. If the jury believe from the evidence that the plaintiff took the note and mortgage from A. Y. Parker on February 22, 1911, and the same were then accepted and received by the plaintiff and the guaranty contract on the back thereof was afterwards executed by Dillworth and Finney, no matter how short a time afterwards, then your verdict should be for the defendant Dillworth."

"D. The fact that the guaranty contract sued on is not dated may be looked to by the jury in connection with all the other evidence in the case in determining whether or not it was executed at one and the same time with the execution of the note and mortgage by A. Y. Parker."

"E. If the note and mortgage was written, executed by Parker and accepted at plaintiff's office in Huntsville and was signed by Dillworth on the back with a guaranty above his name, on the same day, then your verdict should be for the defendant Dillworth."

The court gave the affirmative charge for the defendant Finney, and the jury returned a verdict against the defendant Dillworth. The appeal is by Dillworth alone, notice having been given to Finney pursuant to section 2884 of the Code, as amended by Acts 1911 (Acts 1911, p. 589).

The assignments of error relied upon by the appellant are that the court erred in the following matters: Striking pleas Nos. 12 and 13; permitting the plaintiff to show by oral testimony the real consideration moving between Parker and the plaintiff at the time the note and mortgage were executed; and in refusing to give for the defendant Dillworth the general affirmative charge, as well as in refusing to give written charges B, C, D, and E.

S. S. PLEASANTS, for appellant.  R. E. SMITH, for appellee.

PELHAM, P. J.—(1) Where it is manifest from the record that both parties have tried a cause to its conclusion, as if issue had been joined upon a special plea, although the record does not

disclose such special plea and contains no other plea than the general issue, the appellate court will review the ruling of the trial court as if the issue had been specially pleaded.—*Richmond & Danville R. R. Co. v. Farmer,* 97 Ala. 141, 12 South 86; *Gainer v. Southern Ry. Co.,* 152 Ala. 186, 44 South. 652; *Snellgrove v. Evans,* 145 Ala. 600, 40 South. 567; *Planters' & Merchants' Independent Packet Co. v. Webb,* 156 Ala. 551, 46 South. 977, 16 Ann. Cas. 529; *American Sales Book Co. v. Pope & Co.,* 7 Ala. App. 304, 61 South. 45.

(2) The title retention contracts set up in special pleas 12 and 13 were introduced in evidence by both parties; it was shown without objection that they were never surrendered to Parker; that the property described therein was retaken by the plaintiff prior to the beginning of the action; that it was not returned to Parker; that it was sold at public auction for $50; and it also appears that the question of consideration was the subject of a great part of the testimony, and that the guaranty contract was not executed contemporaneously with the execution of the title retention contracts. It appears, therefore, that the defendant had the full benefit of the matters set up in special pleas 12 and 13, and the court committed no reversible error in striking these pleas.

(3-5) It is insisted by the appellant that the contract of guaranty was within the statute of frauds in that the only consideration for the note and mortgage which were guaranteed was the original debt of Parker for the furniture, and that since the guaranty contract did not express the consideration therefor, the promise of the defendants to pay the debt of Parker is a nudum pactum, and the court erred in allowing the plaintiff to show by oral testimony that a portion of the consideration moving between the plaintiff and Parker at the time the note was executed and delivered was an extension of time for the payment of the original debt. It is true that a promise, verbal or written, to pay the debt of another, if not founded on a precedent liability, or a new consideration, will not support an action (*Underwood v. Lovelace,* 61 Ala. 155; *Richardson Bros. & Co. v. Fields,* 124 Ala. 535, 26 South. 981); and it is not permissible to take a contract without the statute of frauds by proving by parol testimony a valuable consideration, which the statute itself declares must be expressed in writing (*Lindsay v. McRae,* 116 Ala. 542, 22 South. 968; *Merritt v. Coffin,* 152 Ala. 474, 44 South. 622); but

in the present case the guaranty is written on the back of the note and mortgage and guarantees "the payment of the within note and mortgage, when the same is due;" and there was evidence that the guaranty was executed before the delivery and acceptance of the note and mortgage. When the present case was before the Supreme Court (183 Ala. 608, 62 South. 812), it was held that: "When the contract of guaranty, against the default, miscarriage, or failure to pay, of another, is executed before the delivery of the contract, the performance of which the guaranty is intended to assure, and though indorsed thereon the consideration moving between the principals to the principal contract and therein appearing on its face will support the contract of guaranty, no other consideration is necessary, and the contract is not within the statute of frauds."

(6-8) The note in the present case contained the words "value received," which was the expression of a valuable consideration in the face thereof, and is sufficient to place it without the statute of frauds. This was expressly held in *Booth v. Dexter Steam Fire Engine Co.*, 118 Ala. 369, 24 South. 405; and in the same case the Supreme Court also held that in such cases, where a note does not express on its face for what it was given, it is permissible to show the real consideration.—*Reader v. Helms*, 57 Ala. 440; *Flowers v. Steiner*, 108 Ala. 440, 19 South. 321. The extension of the time of the payment of the debt was a sufficient consideration.—*Leftkovitz v. First National Bank*, 152 Ala. 521, 44 South. 613; *Read, et al. v. Rowan*, 107 Ala. 366, 18 South. 211. That which creates some benefit to the party promising, or causes some trouble, injury, inconvenience, prejudice, or detriment to the promisee, is a consideration which will uphold a promise. The court, therefore, did not err in permitting the plaintiff to show that a part of the consideration was the extension of the time of payment of the original debt; and there was evidence of other consideration moving between the plaintiff and Parker. The title retention contracts stipulated that the furniture should not be removed from the purchaser's residence. A witness testified that the permission of the plaintiff that the furniture be moved to the country was to be obtained on the condition that the note and mortgage and guaranty were given.

(9) It is urged by the appellant that the defendant was entitled to the general affirmative charge, on the theory that since the evidence showed without conflict that prior to the beginning

of the action the plaintiff had repossessed itself of the furniture which had been the subject of the title retention contracts, it had thereby deprived itself of the right to enforce the payment of the debt. That principle is not applicable to the present case, because it is shown that Parker, after he was in default on the title retention contracts, gave to the plaintiff a mortgage with a guaranty, which is the subject of this action, on the same property that had been covered by the title retention contracts, and it is expressly agreed in the mortgage that the plaintiff, after the maturity of the mortgage, for the payment thereof, may seize and sell the property therein described at public. auction, which was done, and it is shown that after crediting the proceeds from the collateral on the debt there was a balance due therein. The taking of the property by the plaintiff was not inconsistent with its action to recover the balance of the debt. Until the debt is satisfied, the mortgagee may seek at the same time, but by separate and independent proceedings, both the enforcement of the debt, and of the rights conferred by the mortgage. Until the debt is satisfied, there is nothing inconsistent in the pursuit of several remedies, concurrently or consecutively. The doctrines of election and waiver do not apply in such cases. —*Tyson v. Webber,* 81 Ala. 470, 2 South. 901; *Tompkins v. Drennen,* 95 Ala. 463, 10 South. 638; *Logan v. Smith Bros. & Co.,* 9 Ala. App. 459, 63 South. 766.

(10, 11) Charge B, besides being offensive to the rule against giving undue prominence to particular parts of the evidence, is covered by the given charges 1, 5, and 6.

(12, 13) Charge D was properly refused, as the court is under no duty to give charges which instruct the jury that they "can look to" this evidence, or "may look to" that fact, because such charges are both argumentative and give undue prominence to the evidence or facts proposed to be thus brought specially to the attention of the jury.—*Stone v. State,* 105 Ala. 60, 17 South. 114; *Jones v. State,* 174 Ala. 85, 57 South. 36.

(14, 15) Charge C was substantially covered by charges 4 and 5, which were given at the request of defendant, and besides, it has misleading tendencies.

(16) Charge E pretermits the question as to whether the guaranty was executed before or after the principal contract was delivered. "An instruction which attempts to cover the whole case, and authorizing a finding for one of the parties or the

[Roll v. Howell.]

other, according as the jury may determine certain facts, is er-roneous, if it omits any material issue."—*L. & N. R. R. Co. v. Christian Moerlein Brewing Co.*, 150 Ala. 390, 43 South. 723.

The judgment of the circuit court is affirmed.

Affirmed.