160 So. 558

## MEADOR–PASLEY CO. v. HALLMARK.
### 7 Div. 88.

Court of Appeals of Alabama.
April 2, 1935.

Walter S. Smith, of Birmingham, for appellant.

A. L. Crumpton, of Ashland, for appellee.

SAMFORD, Judge.

This was an action based upon four promissory notes, set out and described in the complaint. The only plea filed was the general issue. Plaintiff made out its case, and the defendant did not deny the claim or the correctness of the amount sued for, but testified that the itemized claim as introduced in evidence by plaintiff had never been filed with her as executrix of the estate of her husband who contracted the debt and executed the notes sued on. The court charged the jury that, if the claim had never been filed with defendant, plaintiff could not recover. The plaintiff requested the general charge, which was refused. The statute of nonclaims (Code 1923, § 5815) must be specially pleaded and cannot be taken advantage of under the plea of the general issue. Mardis' Adm'rs v. Smith, 2 Ala. 382; Smith v. Huie, 14 Ala. 201; Fretwell v. McLemore, 52 Ala. 124, 137.

From a reading of this record, it does not appear that plaintiff waived the filing of the special plea of nonclaim so as to bring the case within the influence of the rule as laid down in Dillworth v. Holmes Furniture & Vehicle Co., 15 Ala. App. 340, 73 So. 288, and other cases therein cited.

■■ Moreover, the evidence clearly discloses that defendant was before and after she became executrix of W. W. Hallmark, deceased, thoroughly familiar with the debt due plaintiff and the notes given to secure same; that she kept the books in the store where the debt was contracted. She admitted that after she was appointed executrix she was pressed for the payment of the notes both by the president of plaintiff's company and by Mr. Smith, one of plaintiff's attorneys; that she had as executrix made partial payments on the notes and had pleaded with plaintiff, by letter, for time in which to pay. Plaintiff's president testified on cross-examination positively that he presented the claim sued on to defendant within the time allowed by law, and while defendant testified on direct examination: "He (plaintiff's president) did not come to see me but once. At that time he did not leave any statement or show any statement to me." On cross-examination this statement was qualified by her saying, "He did not present a statement like that one in evidence to me at that time," and then admitted that plaintiff's president did leave a statement with her, "but it did not look like this one." Where a fact is conclusively established by admissions, mere denial by witness of existence of fact so established does not create material conflict preventing courts from giving general affirmative instructions if requested. Shafer v. Myers, 215 Ala. 678, 112 So. 230; Peters v. Southern Railway Co., 135 Ala. 533, 33 So. 332; Hines v. Beasley, 17 Ala. App. 636, 88 So. 31.

We are of the opinion that on both propositions above discussed the plaintiff was entitled to the general charge.

For the error in refusing to give at the request of plaintiff the general charge, the judgment is reversed and the cause is remanded.

Reversed and remanded.