Rockwell et al. *v.* Jones et ux.

Justus Rockwell *et al.*, Appellants, *v.* Cuthbert T. Jones *et ux.*, Appellees.

### APPEAL FROM RANDOLPH.

In an action of trespass *quare clausum fregit*, where the plaintiff deduced title to the premises trespassed upon by virtue of a sale under a *scire facias* to foreclose a mortgage: Held, That the fact that the sheriff's return to the *scire facias* was, that he made known to the mortgagor, by honest and lawful men, etc., as he was within commanded, was sufficient to authorize the court to render judgment on the *scire facias*. Held, also, that if the *scire facias* was sued out before the mortgage debt became due, that fact would have been ground for abating the suit or for reversal of the judgment, but cannot be inquired into collaterally. And so of other defects in the regularity of the proceeding.

The heirs of a deceased mortgagor need not be made parties to a *scire facias* to foreclose a mortgage; the statute authorizes the proceeding by making either the heirs, executors or administrators parties.

Although a judgment under a *scire facias* to foreclose a mortgage, does not direct a special execution for the sale of the mortgaged premises, that defect cannot be inquired into collaterally.

Where a party suing in trespass for damages to real estate fails to show paramount title, or possession at the time of the commission of the injuries complained of, he cannot recover.

This was an action of trespass *quare clausum fregit*, brought in the Circuit Court by the appellees, who were plaintiffs, against the appellants, defendants.

The declaration alleged that the defendants " on the 1st day of October, A. D. 1857, and on divers other days and times," etc., " with force and arms, broke and entered the close of said

plaintiff, Eliza R. Jones," etc.   Defendants denied the trespass, pleading the general issue.   By consent of the parties, the case was tried by the court, O'MELVENY, Judge, presiding, without a jury, at the September term, A. D. 1858, and a verdict and judgment rendered for the plaintiffs for $17 and costs of suit.

In support of their case, the plaintiffs first offered in evidence a mortgage of a tract of land in Randolph county, Illinois, being " the south half of the east half of the north-west quarter of section No. thirteen, township No. seven south, of range No. seven west, containing forty acres," which mortgage was executed the 1st day of December, 1843, by Justus T. Rockwell, in consideration of $98.30, and to secure the repayment thereof to Elisha Seymour, the mortgagee, on the 10th day of September, 1845.   No objection being made, the mortgage was admitted and read.

Plaintiffs next offered in evidence a writ of *scire facias*, sued out of the Randolph Circuit Court, by Elisha Seymour, the beginning of which writ is in the usual form, addressed to the sheriff, reciting the foregoing mortgage, and concludes as follows : " And the said Justus T. Rockwell is since dead, intestate, and letters of administration of all and singular the goods, chattels, rights and credits, which were of the said Justus T. Rockwell, have been granted in due form of law to Seth Allen, of the county aforesaid ; nevertheless, the said Justus T. Rockwell, in his lifetime, did not pay, nor hath the said Seth Allen, administrator as aforesaid, since the death of the said Justus T. Rockwell, as yet paid the said sum of ninety-eight dollars and thirty cents, mentioned in the said indenture, or any part thereof, to the said Elisha Seymour ; he, the said Justus T. Rockwell, in his lifetime, and the said Seth Allen, administrator as aforesaid, since his death, have wholly neglected, failed and made default therein, as we have received information from the said Elisha Seymour ; and we, willing that those things which are just and right should be done, do therefore command you, that by honest and lawful men of your county you make known to the said Seth Allen, administrator as aforesaid, that he be before the judge of our Circuit Court in and for said county, at the Court House, in the town of Kaskaskia, in said county, on the fourth Monday of September, instant, to show, if he has or knows of any thing or cause why judgment should not be rendered for such sum of money as may be due from the said Justus T. Rockwell, in his lifetime, to the said Elisha Seymour, on and by virtue of said indenture, according to the form, force and effect thereof, if he shall think it expedient for him so to do ; and have you then and there the

names of those by whom you shall so make known to him, and this writ.

Witness, James H. Quinn, Clerk of our Circuit Court, at office in the town of Kaskaskia, this 10th day of [SEAL.] September, in the year of our Lord one thousand eight hundred and forty-five, and the seal of said court. J. H. QUINN, *Clerk.*"

To the reception of this writ as evidence, the defendants objected. The court overruled the objection and admitted the writ to be read, to which the defendants at the time excepted.

Plaintiffs then offered in evidence the following return to said writ:

" I have this day made known by honest and lawful men, to wit: John Doe and Richard Roe, unto Seth Allen, administrator of Justus T. Rockwell, as I am within commanded.

JOHN CAMPBELL, *Sheriff R. C.*

*Sept. the 10th,* 1845.

Defendants objected to the above service and return as insufficient. The court overruled the objection, and permitted the return to be read in evidence, to which defendants at the time excepted.

Plaintiffs next offered in evidence a judgment of the Circuit Court of Randolph county, of September term, A. D. 1845, of which the following is a copy:

"ELISHA SEYMOUR,
  *vs.*       DEBT.
SETH ALLEN, Administrator of  SCIRE FACIAS.
 JUSTUS ROCKWELL.

And now comes the said plaintiff, by Baker his attorney, and the said defendant being duly called, comes not, but makes default, and the clerk is ordered to assess the damages consequent on the detention of said debt in said declaration mentioned, and report the same, with the said debt, to the court; and the said clerk reports the sum of twenty dollars and two cents as said damages, and the said debt at the sum of ninety-eight dollars and thirty cents; and on motion of said plaintiff, the said report is approved and ordered to be filed. It is therefore considered by the court, that the said plaintiff do have and recover of and from the said defendant the sums aforesaid of said debt and damages, making together the sum of one hundred and eighteen dollars and thirty-two cents, and also the costs of suit, and that execution issue herein."

To this judgment the defendants objected. The objection was overruled and the judgment admitted as evidence, to which the defendants excepted at the time.

Rockwell et al. *v.* Jones et ux.

Plaintiffs next offered in evidence a special writ of *fieri facias*, of which the following is a copy :

" STATE OF ILLINOIS, ⎱ SCT.
  RANDOLPH COUNTY,    ⎰

The People of the State of Illinois to the Sheriff of Randolph county, Greeting :

We command you that of the south half of the east half of the north-west quarter of section number thirteen, (No. 13,) township (No. 7,) number seven south, of range (No. 7,) number seven west, containing forty acres, in your county, you cause to be made the sum of one hundred and eighteen dollars and thirty-seven cents, with interest, to be computed thereon from the 23rd day of September, A. D. 1845, until paid, which Elisha Seymour recovered for his debt and damages ; and· also the further sum of five dollars and ninety-seven cents, which were adjudged to him for his costs and charges expended in an action of debt on mortgage against Seth Allen, administrator of Justus T. Rockwell, at the September term of the Randolph county Circuit Court, A. D. 1845, as appears of record ; and have that money at the clerk's office of our said court in ninety days after the date hereof, to render to the said Elisha Seymour his debt and damages and costs aforesaid ; and have you then and there this writ, with due return thereon.

Witness, James H. Quinn, Clerk of the Circuit Court within and for the county of Randolph, and the seal of [SEAL.] , said court hereto affixed at Kaskaskia, this 23rd day of November, A. D. 1845.

JAMES H. QUINN, *Clerk.*

On which writ there was endorsed the following returns :

" I have this day levied this execution on the South half of the East half of the North-West quarter of section numbered thirteen (13), in township seven (7) South, of Range seven (7) West, containing forty acres.   Nov. 26, 1845.

JNO. CAMPBELL, S. R. C."

"I have this day sold the Land above described to Elisha Seymour, for one hundred and thirty-three dollars, 38 cents, which satisfies this writ.   December 19, 1845.                              JNO. CAMPBELL, S. R. C."

Defendants objected to the admission of the writ, and also to the returns endorsed thereon.   Objection overruled, and the writ and returns admitted, to which defendants at the time excepted.

Plaintiffs next offered in evidence the record of a sheriff's deed, dated August 5th, 1847, to Elisha Seymour, for the lands described in the foregoing writ of *fieri facias*, said deed containing a recital of the foregoing judgment and execution.   No objection was made to the reading of the *record* of the deed, but the deed itself was objected to as evidence, on the ground that

no legal foundation had been laid for its introduction. The court overruled the objection and admitted the deed, to which the defendants at the time excepted.

The plaintiffs next introduced in evidence the record of an order of the County Court of Randolph county, State of Illinois, for the sale of the land included in the foregoing deed, (together with other lands,) at the April term of said court, A. D. 1854.

The defendants admitted the order to be the record of the County Court, but objected to its introduction as evidence. Objection overruled by the court, and the order admitted to be read, to which the defendants excepted.

Plaintiffs next offered in evidence the record of a deed from the office of the recorder of Randolph county, from Edward Seymour, administrator of the estate of Elisha Seymour, deceased, to John O'Neil; said deed bearing date, June 7th, A. D. 1854, and embracing within it (amongst other lands) the tract described in the foregoing execution and sheriff's deed.

To the admission of this deed the defendants objected. The objection was overruled and the deed read from the record, (showing the land in question to have been purchased by John O'Neil,) to which ruling of the court defendants excepted.

Plaintiffs next offered in evidence the record of a deed of the same lands mentioned in the execution and foregoing deed, from John O'Neil and wife to Ann E. Servant, dated Nov. 19th, 1855. To which deed defendants objected. The court overruled the objection and permitted the deed to be read, to which the defendants excepted.

Plaintiffs next offered in evidence the record of a deed from R. B. Servant and Ann E. Servant, of the lands embraced in the foregoing deed, to Eliza R. Jones, one of the plaintiffs, which deed is dated the 18th day of August, A. D. 1857. To this deed defendants objected. Their objection was overruled and the deed admitted, to which the defendants excepted.

Plaintiffs then introduced *Amzi Andrews* as a witness, who testified that he knew of a piece of land upon which defendants had been cutting timber, but did not know it by the numbers. Should think defendants had cut off of the land about two hundred trees or saplings. (Here it was admitted by defendants' counsel that defendants were in possession of the land and had cut timber, but no admission was made as to the quantity.) Witness supposed there were about twenty cords cut, worth about $20.

*John Reno*, another witness, said he thought there were about twenty-five or thirty cords cut and taken away, worth about fifty cents per cord. No other evidence was offered or given, on

either side, in this case. The court found the defendants guilty, and assessed the damages at $17.

Defendants moved for a new trial. Motion overruled, and judgment entered as before stated for plaintiffs, for $17 and costs, to which defendants excepted. Defendants prayed an appeal to the Supreme Court, which was granted, and a bill of exceptions containing all of the evidence in the case was signed and sealed, and made a part of the record, and by consent of parties, the appeal is brought to this Grand Division.

The appellants assign the following errors:

1. In the admission of the writ of *scire facias* as evidence for plaintiffs.

2. In overruling the objection to the service of and return to the writ.

3. In allowing the judgment against Seth Allen, administrator of Justus T. Rockwell, to be admitted as evidence for plaintiffs.

4. In permitting the writ of *fieri facias*, and the returns thereon, to be read in evidence.

5. In admitting as evidence, the sheriff's deed to Elisha Seymour.

6. In admitting the record of the order of the County Court as evidence.

7. In permitting to be read in evidence, the record of the deed from Edward Seymour, administrator of Elisha Seymour, to John O'Neil.

8. In permitting to be read as evidence, the record of a deed from John O'Neil and wife to Ann E. Servant.

9. In the admission of the record of a deed from Richard B. Servant and Ann E. Servant to Eliza R. Jones.

10. In finding the defendants guilty, and in overruling the motion for a new trial, and entering judgment for the plaintiffs.

THOMAS G. ALLEN, for Appellants.

G. KOERNER, for Appellees.

WALKER, J. It was objected that the *scire facias* read in evidence, was insufficient to give the court jurisdiction, to render a judgment for the foreclosure of the mortgage. It is true that it did not, in terms, require the sheriff to summon the defendant, but it required him to make known to defendant that he should show cause why a judgment should not be rendered. It in that respect adopted the language of the statute, giving and regulating foreclosures in this mode, and when the statutory requirements have been literally adopted, it must be held

sufficient. That the command was, that he make known by honest and lawful men, could in no way affect the validity of the writ, and it was in form strictly in compliance with the ancient English practice. We are of the opinion that the writ was good and sufficient to confer, and did confer, jurisdiction upon the court.

It was likewise objected, that the sheriff's return was insufficient to give the court jurisdiction of the person of the defendant. The sheriff made return to the writ, "That I have made known by honest and lawful men, to wit: John Doe and Richard Roe, unto Seth Allen, administrator of Justus T. Rockwell, as I am within commanded." While by the modern practice, it is usual to return, that process has been served by reading it to the defendant, and this is no doubt the better practice, still this return is strictly in conformity with the former practice in England. 2 Lilly's Entries, 399. By that practice it is required, where the defendant to a *scire facias* resides in the county, that he should have some notice of the proceeding, the sufficiency of which, if disputed, should be determined by the court. 2 Tidd's Prac. 1037. And there appears to have been notice in this case, and it must be presumed that the court passed upon and determined that it was sufficient, and it is not open to be inquired into collaterally. We are therefore of the opinion that the return of service was sufficient to authorize the court to proceed to judgment in the case.

It was also urged, that the writ of *scire facias* was sued before the mortgage debt fell due, and that the judgment was for that reason void. If it be true that the debt was not due when process was issued, it was clearly ground for abating the suit, or it would have been available for the reversal of the judgment, on appeal or writ of error. But it cannot be held that it rendered the judgment a mere nullity. It is true that the statute only gives the right to foreclose by this mode when the entire debt is due, but courts have the jurisdiction to try and determine such causes, when they have the parties properly before them, and an error committed by the court in determining whether the demand is due or not, cannot render the judgment void. By the law, the plaintiff has no right to maintain an action, nor has the court the right to render judgment, for any demand before it is due and payable, and yet, it has never been held, that a judgment rendered on a demand not due, was a nullity. And no difference is perceived when jurisdiction is exercised under a statute, or under the common law. The common law powers of our Circuit Courts are conferred by statutory enactment, as well as in this proceeding. While it was ground for abating the suit, or reversing the judgment on error,

it cannot render it void, or authorize it to be inquired into collaterally.

The reversal of this judgment is also urged, because the heirs of the mortgagor were not made parties to the *scire facias* to foreclose the mortgage, and that the judgment and other proceedings are inadmissible in evidence in this cause. By the death of the mortgagor, his right of redemption descended to, and was vested in his heirs, who were necessary parties to this or any other proceeding, intended to divest them of their right, unless it has been rendered unnecessary by legislative enactment. The statute giving this remedy, and regulating proceedings under it, to foreclose the equity of redemption, provides that a writ of *scire facias* may issue for the purpose, directed to the sheriff or other proper officer of the county, where the mortgaged premises may be situated, requiring him " to make known to the mortgagor, or if he be dead, to his heirs, executors or administrators, to show cause, if any they have, why judgment should not be rendered for such sum of money as may be due by virtue of said mortgage." This language is clear and explicit, that the plaintiff may, when the mortgagor is dead, at his election, make either the heirs, executors or administrators defendants, as he may choose. The language is in the disjunctive, and we can, by no known rule of construction, say that it requires the heirs to be parties, if the plaintiff shall choose to proceed against the executors or administrators. The writ was manifestly in compliance with the statute, and was therefore against the proper party.

It was also urged that the judgment in that case was insufficient to authorize or support a sale of the mortgaged premises, because it was rendered against the defendant who was the administrator, and failed to order a sale of the land, and to award a special execution for that purpose. That the judgment was erroneous, and that it might have been reversed on error, there can be no doubt. It should have ordered the sale of the mortgaged premises to satisfy the debt ; and it should likewise have awarded a special execution against the premises. *Maury* v. *Marshall*, 1 Scam. R. 232 ; *Swigart* v. *Harbor*, 4 Scam. R. 371. That the execution also might have been quashed and the levy and sale set aside, for the want of such order and award of execution, there can be as little doubt ; but still it does not necessarily follow that these proceedings are void and may be inquired into, in a collateral proceeding.

The court rendering the judgment, we have seen, had jurisdiction of both the subject-matter and the proper parties, and whether the judgment it rendered was correct or incorrect, it is, until reversed, binding in every other court. If, on the other

hand, the court had acted without jurisdiction, and had therefore acted without authority, the proceedings would have been null and void, and could have conferred no right or protection to those claiming under them, and they might have been disregarded by the court below, although unreversed.    Ibid. 371. The court having had jurisdiction, the judgment was therefore admissible in evidence, however erroneous it may have been. That it purported to be rendered against the administrator could make no difference, as he was a proper defendant, and this was so held in the case of *Swigart* v. *Harbor.*    The statute authorized the proceeding to be instituted against him, and it necessarily follows that the judgment must, when he is made a defendant, be rendered against him.    There is in such case, no other defendant against whom it can be entered.    To do justice, the court in such case, must for the purposes of the foreclosure, render the judgment against the defendant.    And the judgment when rendered, must have precisely the same effect as if it were against the mortgagor himself, if he were living.    To hold otherwise, would be to prevent the mortgagee from making any but the heirs defendants, which would be in violation of the statute.    This is a proceeding *in rem*, and the judgment in that case could in no event have been for anything more than a sale of the mortgaged premises.    The proceeding is against the mortgaged property and not against the administrator personally, nor against him *de bonis testatoris*, and whatever were its irregularities it was a judgment against the mortgaged premises. The court had no power or authority to render any other judgment, and its legal effect was, that it became a judgment against the lands, though informal in not ordering its sale, and in not awarding a special execution.

This judgment awarded an execution, and no other could legally have been awarded or issued in that case than one for the sale of the mortgaged property, and although informal, it was equally explicit and formal as was that in the case determined in *Swigart* v. *Harbor*, where the execution and sale under it were held binding.    In that case, as in this, the judgment was against an administrator ; there was no order for the sale of the land, and it only awarded execution in pursuance of the statute, and we think that case is conclusive of this question.    This court in that case held, that if the execution was irregular and unwarranted, it was the duty of the defendant to have applied to the court issuing it to have it quashed, and failing to do so, he could not question it in a collateral proceeding. And these proceedings, until reversed or avoided by a direct proceeding, are equally binding on parties and privies, as on strangers to the record.    We perceive no error in receiving the

writ, return, judgment, execution and sheriff's deed, in evidence on the trial below. And as the objections urged against the other portion of the chain in plaintiffs' title, which succeeded the sheriff's deed, were only based upon the insufficiency of this proceeding, it is not deemed necessary further to discuss this branch of the evidence.

It then only remains to determine, whether the proceedings in the action by *scire facias* and subsequent deeds, in connection with; the other evidence in the case, gave plaintiffs a right to recover. In an action to recover for damages to real estate, the plaintiff must show paramount title in himself, or an actual possession of the premises at the time of the commission of the injuries, for which suit is brought. The evidence in this case fails to show any title in Justus T. Rockwell. Whether he had any title does not appear, nor is it shown that the defendants were his heirs and claiming under the same title with the plaintiffs. The evidence also fails to show that plaintiffs were in possession, but rather that the defendants were. The plaintiffs therefore failed to make such a case as entitled them to recover; and the verdict is not supported by the evidence, and a new trial should have been granted.

The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*