# Dilworth, *et al. v.* Holmes Furniture & V. Co.

## *Assumpsit.*

(Decided May 15, 1913.  62 South. 812.)

1. *Mortgages; Nature of Instrument; Mortgage or Conditional Sale.*—Although the instrument attempted, in the printed part thereof, to reserve title to the property in the mortgagee until the debt was paid, it was a chattel mortgage and not a conditional sale where it was denominated a mortgage, recognized a debt to be paid by a definite time, provided for foreclosure under power of sale and stipulated for authority in the mortgagee to purchase at the sale, provided for the payment of an attorney's fee for collecting the mortgage, and covered crops to be raised during the year 1911.

2. *Frauds; Statute of; Guaranty.*—Where a guaranty against the default or miscarriage of another is executed before the delivery of the contract guaranteed, the consideration for the principal contract is sufficient to support the guaranty, and it is not within the statute of frauds; but if the guaranty is executed after the delivery of the principal contract, it is void under the statute of frauds unless the guaranty is itself supported by a distinct consideration expressed therein.

APPEAL from Madison Circuit Court.

Heard before Hon. A. H. ALSTON.

Assumpsit by the Holmes Furniture & Vehicle Company against W. P. Dilworth and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

[Dilworth, et al. v. Holmes Furniture & V. Co.]

The complaint contained the common counts and certain counts declaring upon a special. contract of guaranty, whereby the defendants guaranteed the payment of a note and mortgage executed by A. Y. Parker to plaintiff February 22, 1911, and payable to plaintiff on November 1, 1911. Pleas 10, 11, 12, 13, and 14 allege, in substance, that the guaranty was of a conditional sales contract executed by Parker to the plaintiff and that when Parker failed to pay the same, and before suit brought, plaintiff retook such personal property under said conditional sales contract, and hence has waived his right to maintain this suit. The contents of the paper sufficiently appear from the opinion, as do the other facts necessary to an understanding of same.

S. S. PLEASANTS, for appellant. Every special promise to answer for the debt, default or miscarriage of another is void unless some . note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing, and such seems to have been the statute since 1852. Code of Ala. 1907, Sec. 4289, and sections of former Codes there cited. The failure to express a valuable consideration for the promise is as fatal to its legal validity as would be the failure to reduce it to writing. *White v. White,* 107 Ala. 417; *Foster v. Napier,* 74 Ala. 393; *Lindsay v. McRae,* 116 Ala. 542. A guaranty written or a note after the note has been delivered and taken effect as a contract, requires a distinct consideration to support it; and if such a guaranty does not express any consideration, it is void, where the statute of frauds in Alabama requires the consideration to be expressed in writing. The demurrer to replication No.

3 was therefore improperly overruled and the general charge for plaintiff improper. *Rigby v. Norwood,* 34 Ala. 129; *Moore v. Lawrence County Bank,* 149 U. S. 298; *Speer v. Crowder,* 32 South. Reptr. 658; *Hood v. Robbins & Smith,* 98 Ala. 484. The plea of want of consideration was fully sustained. *Hood v. Robbins & Smith,* 98 Ala. 484. Where a conditional sale of personal property is made the seller retaining the title and upon default in payment of the purchase price, retakes the property, he is thereby completely deprived of the right to enforce payment of the debt, and it was therefore error to strike pleas 10, 11 and 14. *Sanders v. Newton,* 140 Ala. 335; *Davis v. Millings,* 141 Ala. 378.

R. E. SMITH, for appellee. The instrument was a mortgage.—Jones on Chattel Mortgages, sec. 17; 4 Mayf. Dig. 195. The consideration was valid.—*Lefkovitch v. First Nat. Bank,* 152 Ala. 521; *Martin v. Black,* 20 Ala. 309; *Merrit v. Coffin,* 152 Ala. 474. Under these authorities, the contract was one of absolute guaranty, and there was no error in overruling demurrers to plaintiff's special replication 3 and giving the general charge for the plaintiff.

McCLELLAN, J.—The propriety of the court's action in striking, in response to plaintiff's (appellee's) motion, pleas 10, 11, 12, 13, and 14 is confirmed when it is concluded, as doubtless the trial court did, that the instrument executed by A. Y. Parker to the appellee is a *mortgage* and not the evidence of a *conditional sale.* While in the printed part of the instrument (the original of which has been certified here) it is provided that the *title should remain in the appellee company* until payment of the "mortgage" was made, other features of the instrument unmistakably show that the employment of that provision was without the intent of

the parties to constitute a conditional sale. The instrument recognizes a debt, to be paid by a definite time. It denominates itself a mortgage. It provides for a foreclosure sale, under a power of sale in the usual form, and stipulates for authority of the mortgagee to purchase at the foreclosure sale. It covers crops to be raised during the year 1911, and provides for the payment of an attorney's fee for the collection thereof, "this mortgage."

The pleas indicated proceeded on the assumption that a *conditional sale* was the legal effect of the instrument, whereas the declaration makes material averments to the effect that a *mortgage* was the creation and result of the instrument involved. If the legal effect of the instrument had constituted the transaction a conditional sale instead of mortgage, manifestly the defendants (appellants) would and could have had the full benefit of the matter under the general issue.

The plaintiff's action rests upon an asserted guaranty indorsed by defendants (appellants) on the back of a note and mortgage executed by A. Y. Parker to the plaintiff (appellee). It reads: "We hereby guarantee the payment of the within note & mortg., when same is due." The indorsement is without date. The note referred to was due November 1, 1911. The defendant set up, in pleas 4, 5, 6, and 8, the statute of frauds, alleging in each of them that the guaranty described was not executed contemporaneously with the execution of the note and mortgage or that it was subsequently executed, and that it did not express the consideration therefor. To each of these pleas separately the plaintiff replied, in replication 3 as follows: "The contract of guaranty executed by defendants was and is indorsed on the back of a note and mortgage executed by A. Y. Parker, which said note and mortgage ex-

presses a valid consideration in law, and plaintiff avers that the guaranty of defendants was made to secure the debt of said A. Y. Parker as evidenced by said note and mortgage." The grounds of demurrer to this replication (3) were as follows: "(1) Said replication does not show that said guaranty contract was executed contemporaneously with the execution of said note and mortgage on which the same were written. (2) Said replication shows on its face that the guaranty contract was executed to secure the debt of A. Y. Parker, and that no consideration for such guaranty was expressed in the same." The demurrer was overruled, and that action is assigned and urged for error here.

Since pleas 4, 5, 6, and 8 expressly negative the points of objection taken in the grounds of demurrer to replication 3, it may be that no prejudicial error attended the action of the court in overruling the stated grounds of demurrer to the replication. However, counsel have not discussed this possibility in their briefs but have treated the questions involved as upon their merits. Plea 7 asserted summarily the want of consideration for the execution of the contract of guaranty sued on.

Where the contract of guaranty, against the default, miscarriage, or failure to pay, of another, is executed before the delivery of the contract, the performance of which the guaranty is intended to assure, and though indorsed thereon the consideration moving between the principals to the principal contract and therein appearing on its face will support the contract of guaranty, no other consideration is necessary, and the contract is not within the statute of frauds. But, where the guaranty is executed after the delivery of the principal contract, it is void under the statute of frauds unless the *contract of guaranty* is supported by a distinct considera-

tion and that consideration is expressed in the contract of guaranty. *Moses v. Lawrence County Bank,* 149 U. S. 298, 13 Sup. Ct. 900, 37 L. Ed. 743; *Rigby v. Norwood,* 34 Ala. 129; *White v. White,* 107 Ala. 417, 18 South. 3; *Foster v. Napier,* 74 Ala. 393; *Lindsay v. Mc-Rae,* 116 Ala. 542, 22 South. 868.

Special replication 3 was defective in that it omitted to aver that the contract of guaranty was executed before the delivery of the note and mortgage, the payment of which it purported to assure, or that its execution was contemporaneous with the execution of the note and mortgage.

Under the evidence, the court erred in giving the affirmative charge for the plaintiff. If the guaranty contract was executed after delivery of the note and mortgage, the plaintiff could not recover according to the doctrine of our cases, ante, interpreting and applying the statute of frauds. The evidence was, to state its effect most favorably to plaintiff, in conflict with the vital issues of when, with reference to the time of delivery of the note and mortgage, Dilworth and Finney signed the indorsements. The affirmative charge, of course, took from the jury the conclusion upon this phase of the issue and hence invaded the jury's province.

It is suggested in brief for appellee that the rulings of the court were thought to be in conformity with the holding in *Merritt v. Coffin,* 152 Ala. 474, 44 South. 622. Reference to that opinion will disclose that this court concluded that the principal and guaranty contracts were contemporaneously executed. That decision is without bearing upon the case at bar.

The judgment is reversed, and the case is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.