# Berlin Machine Works *v.* Ewart L. Co.

## *Assumpsit.*

(Decided November 20, 1913.   63 South. 567.)

1. *Appeal and Error; Review; Voluntary Non-Suit; Pleading.*—A plaintiff may have a review of the rulings on demurrers to the pleas as well as those on demurrers to the replication under section 3017, Code 1907, where he takes a voluntary non-suit after demurrers to defendant's plea were overruled, and after demurrers had been sustained to replications to such pleas; the recital of the judgment entry being that plaintiff on account of the adverse rulings * * * on the pleadings takes a voluntary non-suit, thus showing that the non-suit was the result of the rulings on both.

2. *Pleading; Pleas.*—A plea purporting to be one of entire failure of consideration, but which sets out facts tending only to show a partial failure of consideration is subject to demurrer.

3. *Same; Recoupment.*—A plea of recoupment seeking judgment over should set forth the cause of action as fully as if it was a count in an original complaint—must state a good cause of action to support the judgment over; hence, a plea alleging breach of warranty in a contract not set up in the complaint and failing to set out the contract in form or substance or even to show what the warranty was, is demurrable.

4. *Same; Separate Defense.*—The two separate and distinct defenses of failure of consideration and breach of warranty cannot be set up in one plea.

5. *Same; Waiver of Provisions.*—Where the plea alleged a breach of warranty of the contract, a replication thereto setting up a clause of the contract by which a certain event alleged to have occurred would avoid the warranty, need not negative waiver of the clause; such waiver should be set up in a rejoinder, or should be alleged in · the plea by way of or in anticipation of the replication.

6. *Sales; Warranty; Contract.*—Where the action was on notes and the pleas were breach of warranty of the machine for the purchase price of which the notes were given, and of failure of consideration, because of the machine being of no value, a replication which alleges retention of the machine by defendant thirty days, and a failure to return it, and setting out a clause of the contract providing that this should constitute a trial and acceptance and avoid all contracts of warranty were good replications to the pleas.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Assumpsit by the Berlin Machine Works against the Ewart Lumber Company. After adverse rulings on the

pleadings, plaintiff took a non-suit and appeals. Reversed and remanded.

Counts 1 and 2 were on two promissory notes. Count 3 was for goods, wares, and merchandise, and count 4 was for work and labor done. The first count claimed $480.50; the second count claiming $257.55, the third count claiming $100, and the fourth count claiming the same.

The first plea was the general issue; the second and third, nul tiel corporation; the fourth, no consideration; sixth, total failure of consideration, in that plaintiff was engaged in the manufacture and sale of certain machinery for planing lumber and manufacturing molding and on the 16th of October, 1908, defendant purchased from plaintiff a certain described planing machine with certain attachments, and defendant says that the attachments mentioned were defective, in that the pressure bar failed to keep the lumber down, and, in consequence thereof, the board in its process of manufacturing is suddenly released from the rolls in said machinery, and the board or boards are hacked, defaced, carved, and ruined, and defendant purchased said machine from said plaintiff, under and by virtue of a representation, guaranty, and warranty by plaintiff's sale agent, C. H. Hitchcock, while acting within the scope of his authority, who represented to defendant company that the machine was fit for the purpose for which it was intended, and that, relying on said guaranty, representation, and warranty, defendant purchased said machine from plaintiff, and that plaintiff well knew that the said defendant company was about to engage in the business of planing lumber and manufacturing molding, ceiling, and flooring, and that the said machine was to be used in defendant's business, and that said defendant then and there installed said machine in its plant according to the

blue prints then and there furnished by plaintiff to defendant, and immediately defendant discovered that the machine was defective in the manner hereinbefore mentioned, and notified plaintiff's agent, C. H. Hitchcock, within ten days of said defect, and Hitchcock, as agent for plaintiff, came to Birmingham, and gave instructions to defendant how to repair and adjust said defect, and said defendant followed his instruction, and said defect could not be remedied, and a report thereof was made to said Hitchcock, and he promised to repair the same, but failed to do so, and defendant states, in consequence thereof, and as a result of said defect, that the machine was useless and unfit for the purpose for which it was intended, for which it was sold to defendant. The seventh plea was a plea of recoupment; but, as demurrer was sutained to this plea, it is not deemed necessary to set it out. Plea 8 states the same facts as plea 6 with reference to the machine and its defects, and alleges that the machine failed to do the work it should have done, and, in consequence thereof, was not worth the price agreed to be paid, but was of practically little value, and not worth more than $150. Plea 9, after stating the facts as stated in plea 6 relative to the machinery and its defects, and the fact that the defects were caused by the inattention of plaintiff, further alleges that, in endeavoring to work the machine, defendant passed through it, in accordance with the instructions of plaintiff, a large quantity of lumber, about 261,000 feet, and on account of the defective condition of the molder, the lumber was greatly damaged and rendered less valuable, and it became necessary for defendant to sell the same after it had been run through said molder at a greatly reduced price, and that before the institution of this suit defendant had been damaged as a result of the defect in the

machine in the sum of $3,500, which it offers to recoup and set off.

The demurrers being overruled to the pleas above set out, plaintiff filed the following replication to pleas 4, 6, and 9: (1) A denial of the matters and things set out in said plea. (2) That the indebtedness of said defendant to the plaintiff—the subject-matter of this action—arose in part as to that part set forth in counts 1 and 2 from a certain contract entered between said plaintiff and defendant; the contract being attached, marked Exhibit A, and made a part of the plea. And plaintiff avers that the said contract was for the sale of that certain machinery therein mentioned, and that it was specially agreed in and by one of the provisions of said contract as follows: That, "in case of rejection of the property or failure to pay as stated herein, consignee shall at once return and deliver the property in good order to consignor f. o. b. Beloit, Wis., and that a retention of the property forwarded after 30 days from date of shipment shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and void all its contracts of warranty express or implied." And it was also agreed that "this contract is not modified or added to by any agreement not expressly stated herein." And plaintiff avers that the terms "consignors" and "consignee" as set forth in said contract are the plaintiff and defendant in this suit respectively. And plaintiff avers that it fully performed all of the obligations imposed upon it by said contract, and shipped said machinery to the said defendant, and delivered the same on, to wit, November 15, 1908, and that defendant did not, in case of the alleged rejection of the said property or any part thereof, or failure to pay for the same as stated in said contract, return and deliver said property to plaintiff,

[Berlin Machine Works v. Ewart L. Co.]

or any part thereof, in good order f. o. b. Beloit, Wis.
And plaintiff avers that said defendant did retain the
said property so forwarded to it after 30 days from date
of shipment, and that such retention constituted a trial
and acceptance thereof. Replication 3 sets up an estop-
pel under the contract because defendant had treated the
same as valid and binding, and for several months had
reaped the benefit of said contract, and received and ap-
propriated the benefit thereof, and had made sundry
payments upon said contract, to wit five, and had agreed
to pay the remainder by its renewal notes therefor. Plea
4 sets up the same matters set up in plea 2, alleges the
payment of the notes due three, four, and six months af-
ter date, when the same matured, and by letter asked
for an extension and renewal of the notes due eight
months from date, and the note due ten months from
date, which was accorded by plaintiff, and that the ten
months' note renewal was the subject of count 2 of the
complaint, and that no dissatisfaction was expressed
up to the time of forwarding the renewal notes, nor was
any dissatisfaction expressed until July 12, 1909, and
that the molder complained of was part and parcel of
one entire contract, and that defendant was estopped
from setting up failure of consideration. Replication
5 was a short statement of replication 4.

STERLING A. WOOD, for appellant. The appellant pur-
sued the proper course to get a review of the ruling on
the pleading by taking a non-suit.—Secs. 3017 and 1040,
Code 1907; *Rush v. Russell,* 61 South. 373. The con-
tract was lawfully made, and there being no question
as to sui juris the contract will be enforced as made.—
*Webb v. McFarland,* 58 South. 459; *Fulton v. Sword
Medicine Co.* It is evident from the pleas 4, 6 and 9
that the pleader cannot stand upon the contract, and

hence, seeks to make a case without it. This he cannot do.—*L. & N. v. Jones,* 60 South. 945; *Lawrence v. Seay,* 60 South. 937. The 6th plea attempted to set up a complete failure of consideration but the facts pleaded show only a partial failure of consideration. This rendered the plea bad. The 9th plea is a plea in recoupment, and it should contain facts to make it a good cause of action sufficient to sustain the judgment over which was sought, and was further subject to objection as failing to state the contract or the substance thereof. —*Continental G. Co. v. Pugh,* 168 Ala. 295. Under the contract and facts there was no rescission and could have been none.—*Klauss S. Co. v. Ala. B. S. Co.,* 56 South. 49; *Greer v. Malone-Beall Co.,* 61 South. 285; *Mizell v. Farmers' Bank of Clio,* 61 South. 272; *Burroughs v. Pac. G. Co.,* 81 Ala. 255. The replications properly set up facts under the contract which avoided the warranty, and the court improperly sustained demurrer to them.—*Winter v. Bank,* 54 Ala. 172; *Dupuy v. Wright,* 60 South. 997; *Adams M. Co. v. South. S. L. Co.,* 2 Ala. App. 471.

PHARES COLEMAN, for appellee. Nothing is presented for review except the action of the court in sustaining demurrers to plaintiff's replications to pleas 4, 6 and 9.—*Engle v. Patterson,* 167 Ala. 117; *Corn P. Co. v. Dreyfus Bros.,* 3 Ala. App. 529. Where there is a good excuse for doing so, the failure of the buyer to rescind and return does not constitute a breach of warranty.— *Millsap v. Woolf,* 1 Ala. App. 599; 35 Cyc. 433; *Snow v. Shoemaker, Co.,* 69 Ala. 111; *Eagan v. Johnson,* 82 Ala. 233; *Jesse-French v. Bradley,* 138 Ala. 177. Under these authorities, the action of the court on the pleadings must be sustained.

MAYFIELD, J.—Appellant sued appellee on two promissory notes and on the common counts. The defendant pleaded the general issue and several special pleas.

Plea 4 was that there was no consideration; plea 6, that there was a total failure of consideration, and set out the facts claimed to constitute the failure; and plea 9 set up a breach of warranty in the sale of a machine to the plaintiff, and also sought to recoup damages on account of such alleged breach.

The plaintiff demurred to these pleas, and, its demurrer being overruled, filed a number of special replications to each of the special pleas, setting up a failure of the defendant to comply with a certain condition of the contract of sale of the machine, which was, by such contract, made a condition precedent to the defendant's right to rescind, or to set up a breach of warranty or a failure of consideration. The replications set out the contract of sale relied upon in the pleas, and set up the condition with which it was alleged that the defendant had failed to comply, and that a performance of such condition was a condition precedent to the special defenses attempted to be set up in the pleas.

The clause of the contract relied upon in the replications was as follows: "It is agreed that title to the property mentioned above shall remain in the consignor until fully paid for in cash, and that, in case of rejection of the property or failure to pay as stated herein, consignee shall at once return and deliver the property in good order to consignor f. o. b. Beloit, Wis., and that a retention of the property forwarded after thirty days from date of shipment shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and void all its contracts of warranty, express or implied. It is

also agreed that this contract is not modified or added to by any agreement not expressly stated herein, and that in case of failure to pay any of the payments as herein stated, that all shall at once become due and payable, and that the consignor or its agent may (at its option) without legal process take possession of and return to consignor at Beloit, Wisconsin, the above-described property, and that the expense of so doing shall be paid by the purchaser."

To these replications the defendant demurred, and, the demurrers being sustained, plaintiff took a non-suit, and assigns as errors the adverse rulings on the demurrers to the pleas and replications.

It is contended by appellee that it is only the rulings on the demurrers to the replications which can be reviewed, and not the rulings on the demurrers to the pleas.—*Engle v. Patterson*, 167 Ala. 52 South. 397, is cited as authority to that effect. We cannot agree with counsel for appellee that such is the holding in that or any other decision of this court. It is true that we have frequently held that on an appeal from a voluntary non-suit we would review those rulings only which superinduced the non-suit; yet we have never held that, where several adverse rulings have superinduced the non-suit, we would review only the last ruling.

The facts and the record in the *Engle Case, supra,* were entirely different from the facts and the record in this case. It was said in the *Engle Case* that: "The judgment entry and the bill of exceptions in the present case each recite that the non-suit was taken in consequence of the adverse ruling of the court on the evidence, and we must consider only the rulings on the evidence, and not those which did not cause the nonsuit. We therefore decline to consider the assignments relating to the rulings on the pleading. Nor can we consider

the action of the trial court in not allowing a continu-
ance of the cause.—*Dundee v. Nixon*, 95 Ala. 318, 10
South. 311." In this case the judgment entry—which,
of course, must control us—recites: "The plaintiff, on
account of the adverse rulings of the court on the plead-
ings and on the admission and rejection of evidence,
takes a non-suit with a bill of exceptions, whereupon, it
is ordered and adjudged by the court that a non-suit be
now entered in this cause, and that the defendant go
hence, and have and recover of the plaintiff all its costs
in this behalf expended, for which let execution issue."

It is true we find no adverse rulings on the evidence,
and none are assigned as error; but this judgment entry
no more shows that the non-suit was taken on account of
the rulings on the demurrers to the replications than it
does that it was on account of such rulings on the de-
murrers to the pleas. In fact, it clearly includes all the
rulings as to the pleadings.

. Section 3017 of the Code provides for appeals in cases
like this, and it reads as follows: "If, from any ruling
or decision of the court on trial of a cause, either upon
pleadings, admission or rejection of evidence, or upon
charges to the jury, it may become necessary for the
plaintiff to suffer a non-suit, the fact, point, ruling, or
decision may be reserved for the decision of the Supreme
Court by bill of exceptions or by appeal on the record
as in other cases."

. The record in this case, we think, sufficiently shows
that the non-suit was the result of the adverse rulings
as to both the pleas and the replications.

Pleas 6 and 9 were each defective and subject to the
demurrer interposed. Plea 6 purports to be a plea
going to the entire defense of each count, in that it
claims to be a plea of entire failure of consideration,

and sets out the facts, which, at best, only tend to show a partial failure of consideration.

Plea 9 is bad, in that it sets up a breach of warranty in the sale of the machine, and attempts to recoup damages in excess of the price of the machine sold or of the amount due thereon, and fails to set out the contract alleged to be breached, either in form or in substance, and fails even to show what the warranty was that is alleged to have been breached. This plea, being one of recoupment, and seeking judgment over against the plaintiff, should, of course, set forth the cause of action as fully as if it was a count in an original complaint. In other words, it must state a good cause of action to support the judgment over against the plaintiff, which it wholly fails to do.

The pleas are also each subject to the objection that it attempts to combine two separate and distinct defenses in one plea; that is, failure of consideration, and breach of warranty. The defendant, under our liberal system of pleading, is entitled to set up different and even inconsistent defenses, but he must do so in separate pleas; he cannot combine two in the same plea.

The replications which set up the clause of the contract above set out, and the defendant's failure to comply therewith, were good replications to both of the defenses attempted to be set up in pleas 6 and 9. We say this for the reason that on another trial the pleas may be amended so as to constitute good defenses. If the plaintiff has waived this clause of the contract, as is insisted by appellee in its brief, the waiver should be set up in a rejoinder, or it should be alleged as a part of the plea, by way of or in anticipation of the replications. It was not necessary for the replications to negative such waiver.

This case, we think, is ruled by the same or similar principles declared by this court to govern in the case of *Berlin v. Marbury,* 146 Ala. 542, 547, 548, 40 South. 951, 953, where it was said, through DOWDELL, J., now Chief Justice of this court: "With reference to the machinery sold and delivered by plaintiff to the defendant the contract contained the following clause, viz: 'In case of rejection, consignee will promptly deliver it to the consignor f. o. b. at Beloit, Wisconsin'—and, further: 'A retention of the property forwarded after thirty days from date of arrival shall constitute a trial and acceptance, be a conclusive proof of the truth of all representations made by or for the consignor, and void all its contracts of warranty, express or implied.' The guarantee following the specifications, and which is attached to the contract, concludes as follows: 'And we further allow ten days from arrivel on cars at Marbury, Alabama, of this machine as a trial period to demonstrate the above facts exist in this machine, and that the specifications have been fulfilled in every sense." These provisions of the contract and guaranty must be taken together with the contract and guaranty, and so construed as to give force, and meaning, and operation according to the intention of the parties to the contract. To do this, as we understand and construe the provisions of the contract and guaranty, the guaranty applies only for the trial of the machine, and, upon a failure of the machine on such trial, authorized the rejection of it, and for this purpose the ten days from arrival of the machine on cars at Marbury were allowed. And in case of rejection after such trial, it became the duty of the defendant to deliver the machine to the consignor, the plaintiff, 'f. o. b. at Beloit, Wisconsin,' and the failure of the defendant to so deliver and a retention by it for 30 days after the arrvial of the machine at Marbury,

[Macon County v. Abercrombie, Judge.]

by the express terms of the contract, fixed the liability of the defendant to pay the price of the machine."

The provisions of the contract in question in that case were almost identical with the provisions of the contract under consideration here, and the defenses there attempted to be set up against a suit for the purchase price were very similar to the defenses here resorted to. The one difference between the two cases is that in the *Marbury Case* the suit was on the contract itself, and not on the notes, while here the defendant entirely ignored the contract in its pleas or any express warranties, but alleged breaches of warranties, without sufficiently alleging of what the warranties consisted. For that reason, when plaintiff's demurrers were overruled as to these defective pleas, plaintiff set up the contract relied on in the pleas as a defense to the notes sued upon. This, however, does not affect the proper construction of the contract, nor of the duties and liabilities of the parties thereto.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, and DE GRAFFENRIED, JJ., concur.