# Foster *v.* Thompson.

## *Certiorari.*

(Decided May 21, 1914.   65 South. 414.)

1. *Certiorari; Motion to Dismiss; Grounds.*—The motion to dismiss the appeal from the judgment of the court on common law certiorari examined as to its grounds and held not well taken.

2. *Pleading; Form; Clerical Error.*—Where the complaint alleged that the suit was upon an account for twelve dollars made in April 1906, and payable May, 1907, the designation of the year for payment was manifestly a self-correcting clerical error.

[Foster v. Thompson.]

3. *Judgment; Collateral Attack; Irregular Service.*—Where a summons in the city court was returnable two days after the service thereof, and the case was continued one day after the return day and then judgment by default was rendered against defendant, if the judgment was erroneous under section 4647, Code 1907, and Acts 1903, p. 379, et seq., it was not so void as to be subject to collateral attack by certiorari, as the court acquired jurisdiction of the person by reason of the service, although the service was irregular.

4. *Same; Premature Suit.*—A judgment upon an account not then due is not so void as to be subject to collateral attack, notwithstanding the fact that the account was not due would be ground for abating the suit, or reversing the judgment on appeal.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Certiorari by Von. L. Thompson against A. C. Foster. Judgment for the petitioner, and defendant appeals. Reversed, and judgment rendered dismissing the petition.

The motion of the petitioner to dismiss the appeal was as follows:

(1) The appellant has failed to comply with the law and the rules of this court in reference to preparation of briefs, in this: That no citations have been made, no propositions submitted, and nothing but a mere repetition in the alleged brief, except what appears in the record; and further has failed to argue any of the assignments of error. (2) For that the record shows that the suit was a common-law certiorari and there is no bill of exceptions, and the judgment of the court quashing the judgment was not excepted to, nor does the record show any exception to the judgment of the court. (3) For that the record shows an appearance by the appellant, and this appearance dispenses with service of notice of the granting of the certiorari.

M. L. WARD, for appellant. The judgment was based upon an illegal service, as three days is required to elapse before judgment can be taken after summons.—

Local Acts 1903, 379; sec. 11, Code 1907. The complaint demonstrated that the account sued on was not then due, and consequently showed that judgment could not be rendered thereon.—*St. Clair County v. Smith,* 20 South. 384; *Petty v. Dill,* 53 Ala. 641. The constable has no right to appoint a deputy to serve the summons.

VON L. THOMPSON, pro se. No brief reached the Reporter.

PELHAM, J.—There is no merit in the appellee's motion to dismiss the appeal, nor do we deem it necessary to enter into a discussion of the grounds assigned. They are manifestly not well taken.

The appellee filed a petition in the city court of Birmingham for a common-law writ of certiorari to quash and hold for naught a judgment theretofore rendered against him in the inferior court of Birmingham. The petition alleges that the summons issued out of the inferior court on January 14, 1907, was executed by personal service on the petitioner (appellee) on the 16th day of January, 1907, and was returnable on the 18th day of January, 1907; that on the last-mentioned date the case was continued by an order of the court without petitioner's knowledge or consent until the next day, January 19, 1907, when judgment by default was rendered against petitioner. The fact that the statute requires the summons to be served three days before the return day thereof (Local Acts Ala. 1903, p. 379 et seq.; Code, § 4647), and there were only two in this instance, shows a defective service; but this irregularity in the process, or in the time or manner of its service, does not render the judgment void and subject to collateral attack in a proceeding of the nature prosecuted

by the petitioner to secure an annulment of the judgment rendered against him by the inferior court. The judgment by default was not entered until January 19th, three days after the personal service of the process on the defendant, computing the time as provided by statute.—Code, § 11.

There is an obvious distinction between a want of service and the case of irregular or defective process. In the latter case the court has such control over the person from the time of the service that all subsequent proceedings, however erroneous, are not void, and the defendant must take advantage of the irregularity in the court where the action is pending.—Black on Judgments, § 224. Where there has been personal service and the court has jurisdiction over the subject-matter, jurisdiction of the person attaches, and the judgment is not void and vulnerable to a collateral attack, because of some irregularity in the service, or because the notice given to the defendant is shorter than the notice prescribed by law.—17 Am. & Eng. Ency. Law (2d Ed.) 1068; 23 Cyc. 694, and cases cited in note 44; 1 Freeman on Judgments (4th Ed.) 213, § 126; *Ballinger v. Tarbell,* 16 Iowa, 491, 85 Am. Dec. 527; *Ex parte Howard-Harrison Iron Co.,* 119 Ala. 484, 24 South. 516, 72 Am. St. Rep. 928.

The petition also alleges as a ground for annulling the judgment of the inferior court that the face of the complaint filed in that court shows that the judgment rendered by default against the petitioner was on an account shown not to be due at the time the judgment was rendered. A copy of the complaint is attached as an exhibit to the petition, and the suit is shown to be on an account for $12, alleged to have been made by the defendant on the 16th day of April, 1906, and payable on the 16th day of May, 1907. The judgment was

rendered on January 19, 1907, for "the sum of $12 and court cost." It is not reasonable to believe that an account for so small an amount made on the 16th of April, 1906, would not be due and payable until May 16, 1907, more than a year thereafter. The designation of the year 1907 as it appears in the complaint might well be considered as a self-correcting clerical error, and that the year intended to be designated was 1906, the same year in which the account was made. But, however that may be, the fact that the obligation sued upon was not due would make the judgment erroneous or irregular, but not void. The court had jurisdiction over both the parties and the subject-matter, and this error set up in the petition as having been committed in the exercise of that jurisdiction would not render the proceedings or judgment of the court void and subject to collateral inquiry in a proceeding of the nature attempted, although it might be ground for abating the suit or reversing the judgment for error on appeal.—1 Freeman on Judgments (4th Ed.) §§ 135, 135a; *Rockwell v. Jones,* 21 Ill. 279, 285; *Robertson v. Huffman,* 92 Ind. 247, 251.

The petition sets up nothing showing the judgment of the inferior court to be void, and contains nothing authorizing the city court to quash and hold for naught the judgment, regular on its face, of the former court. It follows that the judgment of the city court appealed from, granting the prayer of the petitioner (appellee) and holding for naught the judgment of the inferior court of Birmingham, must be reversed and set aside, and a judgment is here entered dismissing said petition.

Reversed and rendered.