(77 South. 740)

MILLER v. EUBANKS.    (6 Div. 530.)

(Supreme Court of Alabama.    Nov. 15, 1917. Rehearing Denied Jan. 24, 1918.)

1. FRAUDS, STATUTE OF ⊛═23(1) — AGREEMENTS WITHIN.

Where, being desirous of disposing of corporate stock, defendant, by an indorsement on a contract, guaranteed an agreement by his associate to sell for or purchase within a given interval stock sold plaintiff, the consideration of the principal contract was sufficient to support the contract of guaranty and took it out of the statute of frauds.

2. FRAUDS, STATUTE OF ⊛═109—AGREEMENTS WITHIN.

A contract guaranteeing performance of an agreement to sell for or purchase corporate stock sold to plaintiff is not invalid because the amount of the stock to be sold for or repurchased from plaintiff was not specified, as that could be established by parol.

3. GUARANTY ⊛═90—ACTION—EVIDENCE.

In an action on a contract guaranteeing an agreement by one who disposed of corporate stock to purchase it under certain contingencies, a letter by defendant guarantor inviting plaintiff to consider the purchase of the stock was admissible.

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by A. Eubanks against J. W. Miller for breach of agreement. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Count 2 states the cause of action as follows:

Plaintiff claims of defendant $5,000 as damages for this that heretofore, on, to wit, the 30th day of November, 1910, one G. B. Crowe and defendant J. W. Miller sought out plaintiff and undertook to sell and did sell to plaintiff 100 shares of the capital stock of the People's Natural Gas Company, for which plaintiff avers that he paid the sum of $1,000, and that, as an inducement to plaintiff to purchase said stock in said company, the said Crowe and Miller executed and delivered to plaintiff an agreement in writing which said agreement is in words and figures as follows:

"Birmingham, Ala., Nov. 30, 1910.

"Dr. A. Eubanks, City—Dear Doctor: In case you should become a purchaser of stock or bonds in the People's Natural Gas Company and should desire on or before Dec. 1st, 1911, to sell same I will guarantee to purchase from, or sell for you the same at par and in case you should desire to exchange stock for bonds I will make said exchange at any time you call for same.                    G. B. Crowe.

"Dr. A. Eubanks, City—Dear Sir: I will guarantee that G. B. Crowe will carry out the proposition on other side of this sheet.
"Nov. 30, 1910.            J. W. Miller."

Plaintiff avers that both the agreement executed by said Crowe and the agreement executed by the said Miller were executed by them respectively before the delivery of same to plaintiff and were delivered to plaintiff contemporaneously with plaintiff buying said stock, and that defendant was present at the time of delivery of said agreement to plaintiff and knew of the acceptance of his guaranty by plaintiff at the time of said sale and delivery of said stock to plaintiff. Plaintiff avers that he relied upon said agreement of defendant and the guaranty therein contained in purchasing said shares of stock as aforesaid, and that he paid the said gas company the said sum of $1,000, for which the said 100 shares of stock in said company were issued by the company to plaintiff. Plaintiff avers that after the execution and delivery of said agreement above referred to and prior to the 1st day of December, 1911, while the said agreement was in force and effect, he notified the said G. B. Crowe and J. W. Miller, this defendant, that he desired the said G. B. Crowe to purchase from plaintiff or sell for plaintiff at par the said stock which plaintiff had bought in said company and above referred to, and notified the said Crowe and Miller that he exercised his rights and option set out in said agreement to demand that the said G. B. Crowe and the said J. W. Miller purchase from plaintiff or sell for plaintiff at par the said 100 shares of stock above referred to, which plaintiff avers is of the par value of $10 per share, and called upon and demanded of the said Crowe and said Miller to carry out and comply with their guarantees as set out in said agreement. And plaintiff avers that the said G. B. Crowe and the said J. W. Miller have breached the said agreement hereinabove set out, in that the said Crowe and Miller have each failed to repurchase from plaintiff the said shares of stock and have wholly failed to sell at par for plaintiff the said shares of stock hereinabove referred to, and the said J. W. Miller has wholly failed to make good his guaranty to plaintiff set out in said agreement in writing and has

wholly failed to make good the guaranty of the said G. B. Crowe set out in said agreement in writing, and as a proximate consequence of said breach plaintiff has suffered the loss of the money paid by him into the People's Natural Gas Company for the said shares of stock hereinabove referred to, to wit, $1,000, together with the interest thereon, hence this suit.

The evidence supported the allegations of the complaint, and the jury found a verdict for plaintiff for $1,000.

W. P. McCrossin and Geo. E. Bush, both of Birmingham, for appellant. F. E. Blackburn and C. B. Powell, both of Birmingham, for appellee.

SOMERVILLE, J. [1, 2] The real and decisive question presented by this appeal is whether defendant's contract of guaranty is valid within the operation of the statute of frauds.

"Where the contract of guaranty, against the default, miscarriage, or failure to pay of another, is executed before the delivery of the contract, the performance of which the guaranty is intended to assure, and though indorsed thereon the consideration moving between the principals to the principal contract and therein appearing on its face, will support the contract of guaranty, no other consideration is necessary, and the contract is not [void] within the statute of frauds. But, where the guaranty is executed after the delivery of the principal contract, it is void under the statute of frauds unless the contract of guaranty is supported by a distinct consideration and that consideration is expressed in the contract of guaranty." Citing the authorities. Dilworth v. Holmes Co., 183 Ala. 608, 62 South. 812.

Here the consideration expressed in the principal contract—plaintiff's purchase of corporate stock—was ample to support it, and the guaranty was previously indorsed on the principal contract and with it delivered to plaintiff as a part of it. It is of no consequence that the writing expressed no limitation as to the amount of stock to be purchased by plaintiff. This affected merely the extent of the damage assured against, which could be, and was, made certain by parol proof.

The complaint was not subject to the demurrer, the charges refused to defendant were properly refused, and on the evidence the jury properly found for plaintiff.

[3] The only error committed by the trial court with respect to defendant's special pleas was in not sustaining the demurrer to pleas 8 and 9 also. It was not necessary for plaintiff to put in evidence the letter from defendant to plaintiff, inviting him to consider the purchase of stock, but its admission was entirely proper, and could not have been prejudicial.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.