(80 South. 686)

### STEPHENS v. INTERNATIONAL HARVESTER CO. (7 Div. 553.)

(Court of Appeals of Alabama. Nov. 12, 1918. On Rehearing, Dec. 17, 1918.)

**1. APPEAL AND ERROR ⬧870(5) — RULINGS ON PLEADINGS—VOLUNTARY NONSUIT.**

Recitals of final judgment *held* to clearly show that nonsuit was superinduced by adverse rulings on demurrers to both original and amended complaint, so that record presents for review questions of their sufficiency.

**2. PLEADING ⬧8(7)—CONCLUSIONS—NATURE OF INSTRUMENT.**

Affirmative averments that instrument is a chattel mortgage, and in other counts that in the instrument defendant retained a vendor's lien, were *not rendered mere conclusion* by amendment setting out terms of an instrument retaining title in goods sold until payment is made.

**3. CHATTEL MORTGAGES ⬧245—FAILURE TO ENTER SATISFACTION—PENALTY.**

In suit to recover statutory penalty for failure of defendant to enter satisfaction of mortgages after plaintiff had paid them in full, each and all *counts in complaint held* demurrable in that the payments alleged antedated the papers.

On Rehearing.

**4. JUDGMENT ⬧497(1) — VOID JUDGMENT — COLLATERAL ATTACK.**

The rule applicable to cases where the question is whether judgment is void and subject to collateral attack because rendered before debt was due is that the invalidity must affirmatively appear on the face of the record, and all doubts will be resolved in favor of the validity of the judgment.

**5. PLEADING ⬧193(1)—DEMURRER—REVIEW.**

Though defect in complaint appears to be a clerical error, court on appeal will not hold erroneous rulings sustaining demurrers.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by Charles A. Stephens against the International Harvester Company to recover the statutory penalty for a failure to satisfy mortgages. Judgment for defendant on the pleadings, and plaintiff takes nonsuit, with bill of exceptions. Affirmed.

The complaint is as follows:

(1) That on October 15, 1915, plaintiff gave the defendant a certain mortgage on property of the plaintiff, which was recorded in * * * office of judge of probate of Calhoun county, and plaintiff avers that on the 2d day of January, 1915, after plaintiff had fully paid and satisfied said mortgage, said plaintiff served on defendant a request in writing to enter satisfaction on the margin of the record where said mortgages were recorded, which said request defendant, for more than 60 days thereafter, failed to comply with, and plaintiff avers, fur-

ther, that no suit was pending with reference to said mortgage, wherefore this suit.

(2) Same as (1) with reference to another mortgage.

(3) Same as (2), but with reference to a third mortgage.

(4) Describes the papers as an instrument in writing retaining a vendor's lien upon certain property sold by defendant to plaintiff on credit, which paper has been fully paid off and satisfied. Then follows demand for satisfaction, allegation of failure after 60 days, and that there is no suit upon said paper pending.

(5) and (6). Same as (4), but as to other similar papers.

Demurrers 17 and 18 raise the objection that the payment alleged antedates the papers. The papers were made October 15th, and the alleged settlement was of January 2d of the same year. The amendment sets out the terms of an instrument retaining title in the goods sold until payment is made. The judgment was that the demurrers to the original and amended complaint be sustained. Then follows what is denominated a final judgment, and reads:

Came the parties by attorney and by leave of the court the plaintiff takes a nonsuit in this case, with leave to file bill of exceptions on account of the adverse rulings of the court upon demurrers to the original complaint and the complaint as amended.

Charles F. Douglass, of Anniston, for appellant.

Frank S. White & Sons, of Birmingham, for appellee.

BROWN, P. J. [1] We think it clearly appears from the recitals of the final judgment of the court that the nonsuit was superinduced by the adverse rulings of the court on the demurrers to both the original and amended complaint, and that the record presents the question of their sufficiency for review. Berlin Machine Co. v. Ewart Lumber Co., 184 Ala. 272, 63 South. 567; Laster v. Blackwell, 128 Ala. 143, 30 South. 665.

[2] None of these counts set out the instrument described therein in hæc verba. The first four counts affirmatively aver that the instrument is a chattel mortgage, while the others aver that in the instrument the defendant retained a vendor's lien on the property, and we are not able to say that these averments are rendered mere conclusions by the additional facts set out in the amendment to the several counts, or that it appears therefrom that the instrument described in the first four counts is an ordinary conditional sale, rather than a mortgage. Dilworth v. Holmes Furn. & Vehicle Co., 183 Ala. 608, 62 South. 812; Tompkins v. Monticello Cotton Oil Co. (C. C.) 137 Fed. 625.

[3] Each and all of the counts, however,

are subject to the objection pointed out in the seventeenth and eighteenth grounds of demurrer, rendering the ruling on the demurrers free from error.

Affirmed.

### On Rehearing.

In Foster v. Thompson, 10 Ala. App. 365, 65 South. 414, the question was whether or not the judgment was void, and for this reason subject to collateral attack, because it appeared on the face of the record that the judgment was rendered on a debt not due, and it was there said:

"The designation of the year 1907 as it appears in the complaint might well be considered as a self-correcting clerical error, and that the year intended to be designated was 1906, the same year in which the account was made. But, however that may be, the fact that the obligation sued upon was not due would make the judgment erroneous or irregular, but not void."

[4] The rule applicable to cases of that character is that the invalidity must affirmatively appear on the face of the record, and all doubt will be resolved in favor of the validity of the judgment.

In Sheffield Co. v. Harris, 183 Ala. 357, 61 South. 88, the defect in the complaint held to be self-correcting does not seem to have been specifically pointed out by the demurrers, which were held to be properly overruled.

[5] In this case, the demurrers point out a specific demurrable defect, and the court has sustained the demurrer. Should this court on appeal hold that the judgment of the court is erroneous, because perchance the defect appears to be a clerical error? We think not. The grounds of demurrer were well taken, and the result is that the judgment on them is free from error.

Application overruled.